**Statutes — Construction — Mechanics' Liens — Sub-contractor — Notice to Owner.**

> Where at the time a contract was entered into for the construction of a building, a sub-contractor, to acquire a lien, was, under § 656, C. C. Pro., required to give the owner of the property notice of his intention to furnish materials, but before the materials were furnished the law was changed, dispensing with notice, (§ 1, chap. 84, L. 1883,) *held,* that the change affected the remedy merely and that the sub-contractor could acquire a valid lien without the notice required at the time the construction contract was entered into.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Brown county; Hon. L. K. Church, Judge.

This was an action by the St. Croix Lumber Company against L. C. Mitchell, C. H. Hatch and Wm. Tenant to foreclose a mechanic's lien.

The case was tried by the court and it made the following findings : That on the 6th day of January, 1883, the firm of S. S. Pratt & Co. entered into a written contract with Chisholm Bros. & Gunn to erect a flouring mill and commenced the erection thereof soon thereafter; that before its completion said Pratt sold his interest in the mill and contract to his copartners, Mitchell and Hatch, and they sold an interest therein to the defendant Tenant; that at various times between April 30 and September 1, 1883, the plaintiff delivered to said Chisholm and others, contractors, lumber to the amount of $567.38, to be used in the erection of said mill and the same was so used under said contract and that said amount was due and had not been paid ; that within sixty days after furnishing said lumber the plaintiff caused a lien to be filed therefor in the office of the clerk of the district court of Brown county as provided by chap. 31, C. C. Pro., that no collateral security had been taken by the plaintiff for the payment of said debt; that the said contract between the said Pratt & Co. and said contractors was entered into while section 656, C. C. Pro., as amended by chap. 94, L. 1881, was in force; that no notice as provided by that section was ever given these defendants, said

Pratt & Co., their agents, or any of them, by the plaintiff, of its intention to furnish materials for the erection of said mill, and that none of said parties had any knowledge that this plaintiff had furnished said contractors any material used in said mill until long after it had been furnished and at or about the time said lien was filed; that at the time said Pratt & Co. and these defendants learned there was any thing due this plaintiff for materials, they had fully paid said contractors all that was due them in the sums and at the times provided in said contract of January 6, 1883. The court found as a matter of law that the plaintiff was " charged with notice of the terms of said contract;" that it " could not acquire a lien as sub-contractor without complying with the law relating to such liens as it existed at the time said contract was made;" that the plaintiff was not entitled to a foreclosure of its lien.

From a decree entered dismissing plaintiff's action it appealed to this court.

The provisions of the statutes involved will be found in the head-note.

*Skillman & Mott,* for appellant.

The statute in force at the time the materials were furnished controls.   Bohn v. McCarthy, 11 N. W. Rep. 127; Phillips, 94. The change in the law affected the method of fixing the lien applied to the remedy merely.   Phillips, pp. 31, 38 ; Hauptman v. Callin, 20 N. Y. 247 ; Paine v. Woodworth, 15 Wis. 298 ; Gross v. Eden, 53 id. 546 ; Gordon v. South F. C. Co., 1 McAll. 513 ; Edwards v. McCaddon, 20 Ia. 520.

*Jenkins & Campbell,* for respondent.

The construction contended for the statute of 1883 would render it unconstitutional as affecting vested rights.   Notice was indispensable to the lien.   Respondents could unquestionably perform the contract before notice of any claim.   A sub-contractor is bound by the original contract.   Stewart v. Wright, 52 Ia. 335 ; Wells v. Calhn, 51 Cal. 423 ; Renton v. Conley, 49 id. 185 ; Bowen v. Aubrey, 22 id. 566 ; Phillips, §§ 62, 63, 64, 65 ; Sullivan v. Brewster, 1 E. D. Smith, 681.   A law which amounts to a denial of

rights accruing under a contract, though professing to act only on the remedy, is obnoxious to the constitutional provision. Phillips, § 26; O'Neil v. Anderson, 26 Minn. 329, 4 N. W. Rep. 47; Donahy v Clapp, 12 Cush. 440; Blauvelt v. Woodworth, 31 N. Y. 285; Bronson v. Kinzer, 1 How. 311; McCracken v. Haywood, 2 id. 608; Hallibert v. Porter, 11 N. W. Rep. 84. Respondents did what their contract required, and what, under the law, they would have been compelled to do. This is sufficient. See Bass v. Williams, 41 N. W. Rep. 229; McAlpin v. Duncan, 16 Cal. 126; Knowles v. Joost, 13 id. 620; Robbins v. Blevins, 109 Mass. 219.

By the COURT:

This case is reversed upon the ground that the law of 1883, which repealed the statute of 1877, in so far as it required notice to be given to the owner of the premises, affected the remedy only, and the court below erred in holding such notice essential to the validity of the lien for materials furnished after the passage of such law. All concur except AIKENS, J., dissenting.