St. Croix Lumber Co. v. Mitchell *et al.*

1. . A question decided by the supreme court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case, when the facts are substantially the same.

2. The same rule applies where the former decision was made by the late territorial supreme court, this court being the successor of that court.

3. A record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were before the court, so as to see the proper application of the rule that such decision is the law of the case.

(Syllabus by the Court. Opinion filed January 6, 1894.)

Appeal from circuit court, Brown county. Hon. D. HANEY, Judge.

Action by the St. Croix Lumber Company against Lester C. Mitchell, Charles F. Hatch, and William Tennant to enforce a mechanic's lien. Plaintiff had judgment, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Crofoot & Stevens*, for respondent.

A record on a former appeal in the same action may be examined by the appellate court to ascertain whether the same question was then presented upon the same facts. Plymouth County Bank v. Gilman, 52 N. W. Rep. 871; McKinley v. Tuttle, 42 Cal. 571. The decision upon the former appeal, the facts being the same as were then before the appellate court becomes the law of the case and should not be reviewed.

Laws providing for mechanic's liens are purely remedial, and liens so created are exclusively creatures of the statute. Phillips on Mechanic's Liens, Sec. 9; Phillips on Mechanic's Liens, Sec. 28.

It is competent for the legislature to provide for liens for labor and material to be thereafter furnished, even under a contract then existing without in any manner impairing the obligation of such contract. Haupman v. Catlin, 20 N. Y. 247; Sullivan v. Brewster, 1 E. D. Smith, 681, S. C. 8 How. Pr. 207; Donaldson v. O'Conner, 1 E. D. Smith, 695; Miller v. Moore, 1 E. D. Smith, 736; Phillips on Mechanic's Liens, Sec. 28 and 31; Woodbury v. Grimes, 1 Col. 100. No party can acquire a vested right to the remedy which these statutes afford, and if repealed without a saving clause the remedy is lost. Bailey v. Mason, 4 Minn. 34; Dunwell v. Bidwell, 8 Minn. 34; Nelson v. Sykes, 46 N. W. Rep. 207; Haynes v. Wadey, 41 N. W. Rep. 222. In order to avail himself of the benefit of the law providing for the lien, the lienor must comply with the provisions of the law existing at the time his right to perfect a lien accrued.

Nelson v. Sykes, 44 Minn. 68; 46 N. W. Rep. 207; Tell v. Woodruff, 47 N. W. Rep. 262; Bardwell v. Mann, 48 N. W. Rep. 1120.

*Geo. W. Jenkins* and *F. A. Luse,* for appellants.

The repeal of the law requiring notice to the owner in order to have a lien for the material furnished by a sub-contractor, did not effect contracts made before the repeal of said law. Rights of lienors are to be ascertained by the laws in force when the contract was made, and are to be enforced by the laws in force when the suit is brought. Phillips on Mechanic's Liens, Sec. 24. Whatever belongs to the remedy, merely, may be altered at the will of the legislature, but the right of lien cannot be created or enlarged after the contract is made. Donaby v. Clapp, 66 Mass. 440; Barr v. Williams, 41 N. W. 229.

The notice required under Chapter 94 of the Laws of 1891, is not a part of the remedy, it is a condition precedent to the existence of a lien. Streubel v. R. R. 12 Wis. 76; Robbins v. Blevins, 109 Mass. 219; Phillips on Mechanic's Liens, Sec. 63.

The parties must be held to have contracted with the provisions of the statute in view, and to have relied on them for their protection. For the legislature to take away the necessity for a notice after the contract was made is to impair the obligation of the contract. Phillip's on Mechanic's Liens, Sec. 45; Cornell v. Hichens, 11 Wis. 371; Van Huffman v. Quincy, 4 Wal. 535.

Corson, J. This was an action brought under the mechanic's lien law to foreclose a subcontractor's lien for material furnished to the contractor for the erection of a flouring mill. Judgment was rendered for the plaintiff, and the defendants appeal. The facts found by the court are, in substance, as follows: That on the 6th day of January, 1883, the defendants, under their then firm name of S. S. Pratt & Co., made a contract with the firm of Chisholm Bros. & Gunn to erect for them a flouring mill at Aberdeen, in the then Territory of Dakota; that between April 30 and September 1, 1883, the plaintiff

sold and delivered to the contractors, Chisholm Bros. & Gunn lumber to the value of $567.35; that said lumber was furnished for and used in the erection of said mill under the said contract; that on September 10, 1883, a notice of lien was duly filed, and "that the contract between S. S. Pratt & Co. and Chisholm Bros. & Gunn to erect said mill was made and entered into on the 6th day of January, A. D. 1883, and while Chapter 94 of the Laws of 1881 was in force, and prior to March 9, 1883, the time when said chapter was amended, and that no notice, as provided in Chapter 94, Laws 1881, was ever given these defendants by plaintiff of its intention to furnish material for the erection of said mill; and that these defendants had no knowledge that plaintiff had furnished material for said Chisholm Bros. & Gunn, to be used in said mill, until long after same was furnished, and at or about the time a claim for lien was filed by the plaintiff, as hereinbefore set forth." From the facts found, the court concluded, as matter of law, that plaintiff was entitled to a judgment of foreclosure, and based its conclusions upon the fact that the action was formerly tried in the district court of the late Territory of Dakota, and judgment rendered in favor of the defendants; that an appeal was taken from said judgment to the late supreme court of said territory, and the judgment reversed; and that the question of law presented to and decided by that court on that appeal arose upon the same state of facts found by the court on the second trial.

The learned counsel for the respondent now contend that on the former appeal the facts were substantially the same as on the present appeal; that the question of law then presented and decided was identically the same as the one presented for decision on this appeal; that the decision on the former appeal became the law of the case, in all of its subsequent stages; and that such decision is conclusive and binding upon this court, as well as upon the circuit court. An examination of the records and briefs of counsel on the two appeals discloses the fact that coun-

sel for the respondent are correct in their statement. The question presented for our decision on this appeal is thus stated by the learned counsel for appellants: "There is but one question in this case: Did the repeal of the law requiring notice to the owner, in order to have a lien for the material furnished by a subcontractor, affect contracts made before the repeal of such law, where the material was furnished after such law was repealed?" This was the identical question decided by the territorial supreme court, as will be seen from the memorandum decision made by that court, reported in Lumber Co. v. Mitchell, 6 Dak. 215, 50 N. W. 624. The statement of facts made in that case, it will be observed, is substantially the same as that found by the court below on the second trial, and disclosed by the record in this appeal. The case must therefore be ruled by the decision in Bank v. Gilman, (S. D.) 52 N. W. 869. In that case this court held that a question of law decided by the late supreme court of the territory on a former appeal became the law of the case, in all its subsequent stages, and would not ordinarily be considered or reversed on a second appeal, when the facts presented and the question were substantially the same. See, also, Smith v. City of San Louis Obispo, (Cal.) 34 Pac. 830. We are of the opinion that the learned circuit court, in holding that it was concluded by the former opinion of the territorial supreme court, decided correctly, and the judgment of that court must be affirmed. Under the decision of this court, referred to, the question of law presented by the record on this appeal, and discussed by counsel in their briefs, will not be considered, as the decision of the late supreme court upon the question presented is the law of the case. The judgment of the circuit court is affirmed. All the judges concurring.