(which became Act 7 of 1932), with its amendments, the latter being admitted over plaintiff's objection. We fail to appreciate (and counsel has not enlightened us in this respect) in what manner this evidence could again place at issue the legality of the tax sought to be levied.

It is our opinion, therefore, that this court is without jurisdiction to consider this matter on appeal. However, it is being transferred to the proper appellate court under the authority given us in Act 19 of 1912.

 For the reasons assigned, it is ordered that this appeal be and it is hereby transferred to the Court of Appeal for the Parish of Orleans, such transfer to be made within sixty days after this judgment becomes final, and, if not so made, this appeal to be deemed dismissed. The defendant-appellant is to pay all costs of the appeal in this court; all other costs are to await the final determination of this matter.

Lemle, Moreno & Lemle, of New Orleans, for defendant-appellant.

Andrew H. Thalheim, City Atty., of Gretna, for plaintiff-appellee.

FOURNET, Justice.

Our decision in the case of City of Gretna v. Aetna Life Insurance Company, 22 So.2d 658,[1] handed down today, is determinative of the issues raised in this case, for they are identical.

For the reasons assigned, it is ordered that this appeal be and it is hereby transferred to the Court of Appeal for the Parish of Orleans, such transfer to be made within sixty days after this judgment becomes final, and, if not so made, this appeal to be deemed dismissed. The defendant-appellant is to pay all costs of the appeal in this court; all remaining costs to await the final determination of this matter.

**22 So.2d 660**

**CITY OF GRETNA v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.**

No. 37829.

April 30, 1945.

Rehearing Denied June 5, 1945.

**22 So.2d 660**

**HAMMONDS v. CABALLERO.**

No. 37651.

June 5, 1945.

---

[1] 207 La. 1085.