For the reasons assigned, the appeal is dismissed.

22 So.2d 658

## CITY OF GRETNA v. ÆTNA LIFE INS. CO.

No. 37830.

April 30, 1945.

Rehearing Denied June 5, 1945.

Terriberry, Young, Rault & Carroll and William Waller Young, trial Atty., all of New Orleans, for defendant-appellant.

Andrew H. Thalheim, of Gretna, for plaintiff-appellee.

FOURNET, Justice.

When this suit was before us previously we reversed the judgment of the lower court dismissing the city's suit against the Aetna Life Insurance Company to recover

delinquent license taxes under Ordinance No. 752 on the defendant's exception of no cause of action and remanded the case to the lower court for trial on the merits. See 206 La. 715, 20 So.2d 1. The matter is now before us on plaintiff's motion to dismiss the appeal taken by the defendant from an adverse judgment on the merits on the ground that this court is without appellate jurisdiction since the amount involved ($37.95) is less than $2,000.

In opposition to this motion counsel for the defendant contend that a contest over the legality of this tax does exist for its legality was attacked when the suit was originally filed and such issue remains "constant and is not changed by anything done in the case." Counsel argue further that it is conceivable we may change our views as to the legality of the tax, especially since some additional evidence has been introduced.

The question of the legality of this tax was originally raised by way of defendant's exception of no cause of action, the basis of which, as reflected in defendant's brief (it not having been stated in the exception itself), being the contention that the tax sought to be levied in the city's ordinance under the authority of Act 7 of 1932, as amended by Act 20 of 1934, "is exacted because of the privilege of engaging in business" and "since the Aetna Life Insurance Company is not engaged in business in the City of Gretna, but is engaged in business in the City of New Orleans, the City of Gretna is without power to collect the tax and the Ordinance, if interpreted so as to levy the tax, is invalid."

In disposing of this issue this court held that the city of Gretna was vested with the authority to adopt the ordinance levying the license tax in controversy and concluded that the tax sought to be collected under the ordinance is legal because the location of the risks and premiums received thereon must determine the municipality to which the license tax is due and not the domicile of the insurance company or its representatives. We therefore reversed the judgment of the lower court and overruled the exception, remanding the case for a trial on the merits. The question of the legality of the tax was thus settled.

In its original pleadings the defendant did not otherwise attack the constitutionality of this ordinance or the legality of the tax, its answer being nothing more than a general denial. And no such attack was made in the lower court subsequent to the disposition of the exception of no cause of action. It necessarily follows that when the judgment sought to be appealed from was obtained, neither the issue of the constitutionality of this ordinance nor the legality of the tax imposed thereby was before the lower court and that court's ruling on the merits presents nothing for us to review on appeal since the amount involved is below the amount required for giving this court appellate jurisdiction.

The only evidence offered in the lower court when the case was tried on the merits was an agreed stipulation of fact with reference to the amount of business done in the city of Gretna by the defendant and the premiums paid thereon, as well as a certified photostatic copy of House Bill No. 252

(which became Act 7 of 1932), with its amendments, the latter being admitted over plaintiff's objection. We fail to appreciate (and counsel has not enlightened us in this respect) in what manner this evidence could again place at issue the legality of the tax sought to be levied.

It is our opinion, therefore, that this court is without jurisdiction to consider this matter on appeal. However, it is being transferred to the proper appellate court under the authority given us in Act 19 of 1912.

 For the reasons assigned, it is ordered that this appeal be and it is hereby transferred to the Court of Appeal for the Parish of Orleans, such transfer to be made within sixty days after this judgment becomes final, and, if not so made, this appeal to be deemed dismissed. The defendant-appellant is to pay all costs of the appeal in this court; all other costs are to await the final determination of this matter.