134 So.2d 395 (1961)
Sarah R. KELLER et al., Plaintiffs-Appellees,
v.
James W. THOMPSON, Defendant-Appellant.
No. 340.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Rehearing Denied November 29, 1961.
Certiorari Denied January 15, 1962.
*396 Gold, Hall & Skye, by Jimmy M. Stoker, Alexandria, for defendant-appellant.
Camden K. Staples, Alexandria, for plaintiffs-appellees.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
By this action two co-owners seek reimbursement from a third co-owner for the latter's proportionate share of necessary repairs to the co-owned premises. The premises were leased to and in the possession of a lessee. The repairs were made by the plaintiff co-owners over the objection of the defendant co-owner, who felt more permanent reconstruction preferable to the temporary repairs of the damaged roof structure.
The defendant was cast for $321.40, his proportionate share of the temporary repairs; and he appeals.
This is the second time that this litigation has been considered by the appellate courts. The threshold issue of this appeal, and the one upon which it turns, is whether the ruling of the first appeal provides the law of the case which should be applied by this court in the disposition of this second appeal.
Initially, the trial court had sustained the defendant's exception of no cause of action and had dismissed the suit. This judgment was reversed, and the case remanded for trial, upon an appeal to the Court of Appeal for the Second Circuit, which then had jurisdiction of appeals from Rapides Parish (prior to the reorganization of the appellate court structure of this state effective in 1960, subsequent to which the present court of appeal has jurisdiction of such appeals). 121 So.2d 575. The Second Circuit refused rehearing; the Supreme Court denied defendant's application for certiorari on the ground that the judgment was not yet final.
On the remand, as the trial court held, the evidence at the trial on the merits showed that the repairs were necessary and that the price was reasonable. The trial court rendered judgment against the defendant, finding that the allegations of the petition had been proven, which the Second Circuit had previously ruled constituted a cause of action by which, if proved, the defendant was liable to the plaintiffs for his share of the repairs.
This second appeal is by the defendant from such judgment on the merits. By the present appeal, the defendant co-owner again urges his basic defense that a co-owner may not be compelled to reimburse his co-owners for his proportionate share of reasonable and necessary repairs to leased premises when such repairs are made contrary to his wishes and over his protest. This of course is the identical issue upon which the Second Circuit ruled adversely to the defendant's contentions in the prior appeal in this action, when such appellate court overruled the defendant's exception of no cause of action and remanded the case for trial on the merits. 121 So.2d 575.
Defendant's able counsel concedes that the judgment appealed from should be affirmed if the Second Circuit correctly interpreted the law. But, it is argued, the present different court of appeal is free to reconsider the issue and to reach a different determination of the legal point involved, since a court is not bound by rulings of other courts of co-ordinate jurisdiction, and since one Louisiana court of appeal is not bound by decisions of other courts of appeal, however persuasive they may be. City of Shreveport v. Baylock, 236 La. 133, 107 So.2d 419; Ellis v. Travelers Insurance Co., La.App. 4, 123 So.2d 780, 781.
Counsel refers, however, to the effect as a precedent to be given to a prior ruling by the same or another court of *397 appeal on the identical question of law in proceedings involving other parties. There is a distinction between this effect, and between the effect to be given to prior rulings disposing of the identical issue earlier in the same proceedings involving the same parties. The principle applicable to the latter situation is referred to as the "law of the case", a principle which has as its purpose the avoiding of indefinite relitigation of the same question and the expediting of its final determination. As compared with the court's consideration of the merely persuasive effect of a precedent resulting from a decision in another suit, an earlier ruling in the same litigation ordinarily "dispenses with the need of [the court's] considering again what has been previously decided in the same suit". Lummus "The `Law of the Case' in Massachusetts', 9 Boston U.L.Rev. 225 (1929).
As succinctly summarized in the comment, "Developments in LawRes Judicata", 65 Harv.L.Rev. 818 (1952), 820, the law of the case principle relates (a) "to the binding force of trial court rulings during later stages of the trial", (b) "to the conclusive effect of appellate rulings at the trial on remand', and (c) to "the rule that an appellate court will not reconsider its own rulings of law on a subsequent appeal in the same case". The comment continues that, in the latter sense, "law of the case is limited to rulings of law and to the framework of a single case. Formerly applied as strictly as res judicata, even where an intervening case involving other parties had overruled the prior decision, law of the case now serves most courts as a discretionary guide. Reargument will be barred where there is merely doubt as to the correctness of the former ruling, but will be permitted in cases of "palpable error" or "manifest injustice'." See also: Freeman on Judgments (5th ed., 1925), Sections 627a (p. 1324), 630 (p. 1328); 1 Moore's Federal Practice (1960), Section 0.4041.
This principle has application in Louisiana. "With respect to an appellate court the doctrine prevailing is that its final ruling on an exception is the `law of the case' as to the point covered", if after the remand the same point is re-urged upon a second appeal to such court on the merits, Louisiana State Bar Ass'n v. Theard, 225 La. 98, 72 So.2d 310, 313. See: City of Gretna v. Aetna Life Ins. Co., 207 La. 1085, 22 So.2d 658; Hoey v. New Orleans Great Northern R. Co., 164 La. 112, 113 So. 785; Davis v. Lewis & Lewis, La.App. 1 Cir., 72 So.2d 612 (certiorari granted, but this issue not discussed, 226 La. 1059, 78 So.2d 173 and 226 La. 1064, 78 So.2d 174).
This doctrine thus applies, although a judgment overruling an exception of no cause of action and remanding the suit for trial on the merits is indeed merely an interlocutory judgment deciding only preliminary matters in the course of the action. It is thus not a final judgment determining the merits in whole or in part. LSA-C.C.P. Art. 1841; Articles 538 and 539, Code of Practice (1870). Strictly speaking, therefore, despite some contrary expressions in the jurisprudence, res judicata with its conclusively binding effect does not then apply, there having been no previous final judgment on the issue. LSA-C.C. Arts 2286, 3556(31); Planiol, Traite Elementaire de Droit Civil (11th ed., 1939), II, Section 54A(2) (Louisiana State Law Institute translation, 1959, p. 35); Culverhouse v. Marx, 38 La.Ann. 667; Levy v. Wise, 15 La.Ann. 38. (Nor is the Second Circuit decision final insofar as our Supreme Court is concerned, which refused the application for writs to review it but merely on the ground that the judgment remanding the case for trial was not final, and which high tribunal will be free to review the issue again upon an application for writs to review the present judgment on the merits. See, e. g., Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, reviewing court of appeal decisions at 72 So.2d 612 on merits and at 60 So.2d 230 on exception. See also: 5B C.J.S. "Appeal and Error" Section 1829(b), (p. 206.)
We are not unmindful that a very close question is presented on the merits by the *398 issue which the defendant's able counsel seeks to raise, as is attested by the forceful dissent on the first appeal from the appellate judgment overruling the exception of no cause of action. 121 So.2d 575, 579.
It is likewise true that the first appeal from the judgment on the exception was taken to the Second Circuit Court of Appeal, which then had jurisdiction of appeals from Rapides Parish; while the present and second appeal, from judgment on the merits, was taken to the Third Circuit, to which in the meanwhile jurisdiction of appeals from Rapides Parish had been transferred by virtue of the constitutional reorganization of our appellate courts. See Article VII, Louisiana Constitution, as amended by Acts 561 of 1958 and 593 of 1960.
But this court thus occupies the identical status as the Second Circuit as the appellate court of first instance with regard to this same suit between the same parties, in which upon this second appeal the identical issue is again raised as was decided in the first appeal. When the same issue is re-urged upon the second appeal as was decided on the first appeal, the law of the case doctrine is nevertheless applicable even though, in the interval, the personnel of the appellate court has changed (Holthoff v. State Bank & Trust Co., 208 Ark. 307, 186 S.W.2d 162, 1945; State v. Woodruff, 170 Miss. 744, 150 So. 760, 1933), or a different panel hears the second appeal (Shunk v. Shunk Mfg. Co., 86 Ohio App. 467, 93 N.E.2d 321, 1949), or appellate jurisdiction of the litigation is transferred to a successor tribunal of equivalent appellate function (State Bank of Waterloo, Ill., v. City National Bank, 26 Okl. 801, 910, 110 P. 910, 1910; St. Croix Lumber Co. v. Mitchell, 4 S.D. 487, 57 N.W. 236, 1894). See 5B C.J.S. "Appeal & Error" Section 1828, p. 203.
Therefore, insofar as the present suit and the courts of appeal are concerned, the law of the case has been established by the final ruling upon it on the first appeal to the tribunal of equal dignity, which at the time was exercising appellate jurisdiction of the cause equivalent to that now exercised upon the second appeal by the present court. Cf., Jones v. Standard & Life Acc. Ins. Co., La.App. 3 Cir., 129 So.2d 84. And even if the previous ruling on the issue, not being a final judgment, is not res judicata and thus is not conclusively binding, under Louisiana jurisprudence and practice it should be followed as the law of the case; for, "though the power exists to reopen points of law previously decided, sound practice dictates that the power be exercised sparingly and, in the main, only in clear instance of previous error to prevent a miscarriage of justice," 1 Moore's Federal Practice (1960), Section 0.404, p. 4219.
For the foregoing reasons, the judgment of the trial court is affirmed. The defendant-appellant is assessed with all costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER, J., recused.