278 So.2d 81 (1973)
Petition of the SEWERAGE AND WATER BOARD OF NEW ORLEANS for confirmation of the plan for drainage of Drainage Area A-5, and the report of the Board of Appraisers assessing benefits in connection therewith.
No. 52993.
Supreme Court of Louisiana.
May 7, 1973.
Rehearing Denied May 29, 1973.
*82 John A. Gordon, Vincent T. Lococo, Richard Olsen, Foley, Judell, Beck, Bewley & Landwehr, Harold B. Judell, New Orleans, for petitioner-appellant.
Chaffe, McCall, Phillips, Burke, Toler & Sarpy, George W. Pigman, Harvey G. Gleason, Robert A. Katz, Burton G. Klein, Racivitch & Wegmann, Salvatore Panzeca, New Orleans, for defendants-appellees.
TATE, Justice.
This is the second appeal in the present proceedings. The facts and issues are discussed in full in our opinion on the first appeal. 257 La. 716, 243 So.2d 809 (1971). By this second appeal, the Sewerage and Water Board once again attacks the trial court's dismissal of the Board's petition for confirmation of a drainage plan as representing an unconstitutional application of certain drainage provisions of our state constitution.

I.
On the first appeal, we reversed an identical ruling by the trial court that the Drainage Act Amendment (Article XIV, Sections 23.13-23.27, Louisiana Constitution) was being unconstitutionally applied. The trial court had held that the opponent landowners were being denied the equal protection of the laws because they were forced to pay for the cost of their land's drainage through improvement assessments whereas other lands similarly situated had been drained through the use of general tax revenues.
In reversing the trial court, we held, 243 So.2d 814: "The past failure to enforce the drainage assessment provisions does not make unconstitutional the present enforcement of them in accordance with law. There may well be other remedies available to those aggrieved. Nevertheless, past or even present lax or erroneous administration of a state regulation does not render its present correct application a denial of the federal constitution's guarantee of equal protection; at least in the absence of a showing of systematic intent to establish an arbitrary and continuous policy of unjust discrimination."
We therefore remanded for further proceedings consistent with our opinion. In denying a rehearing, we rejected, as unfounded in the record, a motion to correct the record so as to show that the right of the opponents had been limited as to the introduction of evidence of past discriminatory application of the law.
On the remand, over objection of the Severage and Water Board that the issue of unconstitutionality had been foreclosed by our original ruling, the trial court permitted further evidence showing allegedly discriminatory application of the law. The thrust of this evidence was that some of the lands in Area A had been or were being drained without improvement assessments placed against the land, whereas the opponent landowners were being liened to pay for drainage improvements on their land in Area A.
This is the identical issue tried at the first hearing of June 18, 1970. This is the identical contention rejected by this court in our decision of January 18, 1971, cited above. The trial court's ruling, once again appealedthat the Drainage Amendment is being unconstitutionally appliedis a ruling identical to that we reversed by our original decision. (That some of the acts complained of may have occurred after the original hearing of June 18, 1970 is not material to adjudication of this issue, whatever right the opponents may have in other proceedings to seek injunctive or other relief, if indeed such subsequent acts *83 amount to unconstitutional denial of equal protection to the present landowners.)
Our original decision overruled the opponents' pleas of unconstitutionality. The trial court was in error in permitting them to reopen this issue and to attempt once again to show that the Drainage Act was being discriminatorily applied. We know of no principle of Louisiana procedural law that permits the piecemeal trial of defenses or exceptions based on the same ground. Cf., 30 La.L.Rev. 298-301, 309 (1969).

II.
The procedural principle known as the "law of the case" foreclosed the trial court on the remand from reconsidering the unconstitutionality issue, this court having decided such issue on the first appeal.
As the authorities to be cited show:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
See: Day v. Campbell-Grosjean Roofing & S. M. Corp., 260 La. 325, 256 So.2d 105 (1971); Louisiana State Bar Assn. v. Theard, 225 La. 98, 72 So.2d 310 (1954); City of Gretna v. Aetna Life Ins. Co., 207 La. 1085, 22 So.2d 658 (1945); Wall v. American Employers Ins. Co., 250 So.2d 172 (La.App. 1st Cir. 1971); Keller v. Thompson, 134 So.2d 395 (La.App.3d Cir. 1961) (full discussion). See also Moore's Federal Practice, 0.404 (1965); Freeman on Judgments, Section 30 (5th Ed. 1925); Note, 60 Ky.L.J. 419 (1972); Note, 5 Stanford L.Rev. 751 (1953); Note, 62 Harv.L.Rev. 286 (1948); Note, 40 Col.L. Rev. 268 (1940); Lummus, "The `Law of the Case' in Massachusetts", 9 Boston U. L.Rev. 225 (1929); 5B C.J.S. "Appeal and Error", Sections 1821-1834, 1964; 21 C.J. S. "Courts", Section 195; 5 Am.Jur.2d "Appeal and Error", Sections 744-59.
We find no sound reason to depart from the application of this principle in the present instance, especially in view of the Louisiana procedural policy against piecemeal trials of the same issue. Our overruling of the defenses of unconstitutionality on the first appeal was thus conclusive of the issue on the remand to the trial court.

III.
On the merits, the Board's position is that any policies complained of and expenditures made after the original hearing of June 18, 1970 were initiated long prior thereto and could have been, but were not, shown at that time by those pleading unconstitutionalitythat, in effect, the evidence introduced at the second trial was of the same general nature as that rejected, on the first appeal, as not proving discriminatory application of law of constitutional dimensions.[1] While we are inclined to agree, nevertheless we do not reach the merits of this issue:
For, as previously stated, we find that, on the remand, the reasonable application *84 of the law of the case principle forecloses relitigation of the same issue as that decided by the first appeal as conclusively binding on the trial court on the remand. This principle thus prevents the interminable prolongation of this litigation by the indefinite relitigation of issues decided by the appellate court before the remand.

Decree
For the reasons assigned, we reverse the rulings of the trial court overruling objections to reconsideration of the issue of unconstitutionality, holding application of the Drainage Amendment unconstitutionally discriminatory as to the opponent landowners, and dismissing the Sewerage and Water Board's petition for confirmation of the drainage plan. We remand this litigation for further proceedings consistent with the views here expressed. The defendants-appellees are cast with all costs of the proceedings below subsequent to the remand and with all costs of this appeal; other costs to await taxing at final disposition.
Reversed and remanded.
CALOGERO, J., recused.
NOTES
[1] The Board's further position is that, in any event, differences in treatment were validly accorded due to nonarbitrary and reasonably different classification.