ROGERS, Judge.
This suit was originally filed by plaintiff Bowles & Edens Company (Bowles) against H & H Sewer Systems, Inc. (H & H Sewer) and its surety, American Employers Insurance Company (American), for non-payment under a contract to supply materials for a construction project. The case is before this court on an appeal taken by American from an adverse trial court judgment holding it liable as surety in solido with its *1284 principal, H & H Sewer, for the sum of $10,428.65 plus interest.
On February 7, 1975, Bowles filed a petition in Nineteenth Judicial District Court in East Baton Rouge Parish seeking a sum of $12,986.56 with interest and costs representing an amount allegedly owned by defendant general contractor, H & H Sewer, arising out of construction of a water distribution system for Quail Creek Subdivision in Rapides Parish, Louisiana. Bowles’ petition also made American a defendant alleging it to be solidarily liable with H & H Sewer as surety for the contractor.
Attached to the petition were a construction contract between H & H Sewer and the property owners for the sum of $51,-772.75, and a surety bond for the sum of $52,000.00 which listed the owners and First Federal Savings and Loan Association of Alexandria, Louisiana, as “obligees”, which contract and bond were recorded July 17, 1974, as Instrument Number 629658 in Mortgage Book 736 at page 619, Records of Rapides Parish, Louisiana. Other attachments were copies of invoices and an itemized statement totaling $12,986.56, representing materials allegedly provided by Bowles to H & H Sewer, and a certificate of final acceptance by the owners which had been recorded October 8, 1974 as Instrument Number 632666 in Mortgage Book 741 at page 205, Records of Rapides Parish, Louisiana.
On March 25, 1975, American filed a motion for summary judgment and an exception of no cause or right of action, which motion and exception were heard on April 14, 1975, along with a rule to show cause why the case should not be transferred to the Ninth Judicial District Court of Rapides Parish, or to the Seventh Judicial District Court of Catahoula Parish, this latter motion made by the trial judge. Judgment was signed on May 8, 1975, maintaining American’s exception of no right or cause of action, sustaining its motion for summary judgment and, accordingly, dismissing Bowles’ suit as to that defendant, and further, decreeing a change of venue and transference of the suit to the Ninth Judicial District Court in Rapides Parish.
Plaintiff Bowles appealed from that portion of the judgment granting summary judgment in favor of American and maintaining American’s exception of no right and no cause of action. The First Circuit Court of Appeal, in its decision reported at 324 So.2d 528 (La.App. 1 Cir. 1976), reversed the trial court, granting judgment for plaintiff, and remanded the case for further proceedings in accordance with its opinion. Upon remand to the Nineteenth Judicial District Court for East Baton Rouge Parish, the case was transferred to the Ninth Judicial District Court for Rapides Parish pursuant to the trial judge’s original order.
The case was then tried on the merits, and a judgment was signed November 22, 1976, in favor of Bowles and against H & H Sewer and American in solido for the sum of $10,428.65, plus interest, and additionally in favor of Bowles and against H & H Sewer individually for the sum of $2,557.91, plus interest.
From the portion of the above judgment relative to American, American has perfected a suspensive appeal to this court, and has urged that the following two errors were committed by the trial court. First, American contends that the trial court erred in finding that, under the “law of the case” doctrine, it was bound by the prior decision of the First Circuit Court of Appeal. Secondly, American contends that the bond sued on was a conventional bond and not a statutory bond as found by the trial court.
When American filed its motion for summary judgment and exception of no cause or right of action, it based both actions on the argument that the bond in question was a conventional bond, thereby allowing the parties to the contract the opportunity to include whatever provisions or conditions they desired.
The bond contract at issue contains the following pertinent provisions:
“Now, therefore, if Principal (the contractor) shall, subject to the performance of Owner’s obligations to Principal, perform Principal’s obligations under said *1285 contract and keep the property free and clear of any and all mechanic’s and mate-rialmen’s liens for labor or materials furnished in connection therewith, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions.
* * * He * *
(6) No right of action shall accrue on this bond to or for the use or benefit of any person or corporation other than the Owner and Lender herein named, and no suit, action, or proceeding shall be had or maintained against surety on this bond unless the same be brought or instituted within one (1) year after the date of the completion of the work by Principal or after the date of any default by Principal in the performance of the contract.”
Relying on the wording of provision six set out above, American in paragraph two of its Motion for Summary Judgment filed in Nineteenth Judicial District Court, stated the following allegation:
“2. With reference to this particular work, American Employers Insurance Company issued a performance bond which clearly sets forth that no right of action shall accrue on the bond for any person except the owner and lender named within the bond.”
Attached to the Motion was a copy of the bond, and the same was attached to American’s Exception of No Cause or Right of Action, wherein, after quoting provision six of the bond, American urged in paragraph three of the exception that:
“3. Accordingly, since the pleadings of the plaintiff indicate that he is a supplier of materials with reference to this particular contract, then this plaintiff has no cause or right of action herein.”
After the hearing held on the Motion and Exception before Nineteenth Judicial District Court, the trial judge, being in accord with the contentions of American, granted its motion for summary judgment and sustained its exception of no right or cause of action. Bowles thereupon timely filed for and was granted a suspensive and a devolu-tive appeal to the appropriate appellate court for the Nineteenth Judicial District Court, that being the First Circuit Court of Appeal of Louisiana, which court was squarely faced with the issue of whether the bond in question was statutory or conventional in nature.
Bowles argued then, as it does now, that since the construction contract was reduced to writing, a surety bond was provided in connection therewith, and the contract and the bond were recorded pursuant to LSA-R.S. 9:4801 et seq. (the Private Works Act), the bond was a statutory bond; and further, relying on the principles given in the Louisiana Supreme Court cases of Minden Presbyterian Church v. Lambert et al., 167 La. 712, 120 So. 61 (1929), and Electrical Supply Co. v. Eugene Freeman, Inc. et al., 178 La. 741, 152 So. 510 (1934), that whenever a statutory bond is given, whatever is in the bond that is not required by law should be read out of it, and whatever is not expressed in the bond and should have been included in it, should be read into it.
Our distinguished brethren on the First Circuit, being in agreement with the contentions of Bowles, reversed the trial court, finding that the bond in question was statutory in nature, and therefore, provision six of the bond, being in conflict with certain sections of the Private Works Act (which allow a materialman to bring an action against a surety) should be read out of the bond, and the action allowed. The suit was then remanded to the Nineteenth Judicial District Court for further proceedings not inconsistent with the decision of the First Circuit. Upon remand, the case was transferred to the Ninth Judicial District Court for trial on its merits.
At the trial on remand, the district judge for the Ninth Judicial District Court, in regard to the question of whether the bond was conventional or statutory, decided that the First Circuit’s decision was the “law of the case” as to that issue, and he therefore allowed Bowles, as a materialman, to bring its action against American as surety. The judge found that the sum of $10,428.65 was owed to Bowles for materials supplied for *1286 use on the Quail Creek Subdivision project, and that since this project was covered by the surety bond at issue, American was liable in solido with H & H Sewer for this amount.
American, desiring to appeal from this adverse judgment, perfected a suspen-sive appeal to this Third Circuit Court of Appeal, State of Louisiana, the proper court for civil appeals taken from the Ninth Judicial District Court, Rapides Parish. American is arguing before this court the same argument it has presented throughout this litigation, i. e. the bond in question is conventional in nature, therefore, provision six of the bond is applicable and prevents an action against the surety by a materialman. American faces a new obstacle, however, that being the question of whether the “law of the case” doctrine' is applicable to this appeal. If so, then this-Court is bound by the decision of our brethren on the First Circuit relative to that issue. On this appeal, American has not questioned the trial judge’s finding that $10,428.65 was owed to Bowles for materials supplied, and thus we will not entertain that question.
In regard to the key issue before us, Justice Tate, in Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105, where the same question was litigated, stated the following:
“With regard to an appellate court, the ‘law of the case’ refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law-of-the-case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice. . (footnotes omitted)”
See also: Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81 (La.S.Ct.1973); Louisiana State Bar Assn. v. Theard, 225 La. 98, 72 So.2d 310 (1954); City of Gretna v. Aetna Life Ins. Co., 207 La. 1085, 22 So.2d 658 (1945).
In the instant suit, we find that the requisites necessary for application .of this principle are substantially met. The only major distinguishing characteristic of this suit is that the prior appellate ruling relative to the surety bond issue was rendered by a different appellate court than this one, albeit a court of equal judicial rank. We are guided, however, in our disposition of this matter by a previous decision by this Court, wherein Justice (then Judge) Tate, writing for the Third Circuit, was faced with a somewhat although not totally similar factual situation.
In Keller v. Thompson, 134 So.2d 395 (La.App. 3 Cir. 1961), this Court was faced with an appeal from a judgment on the merits when the suit had previously been up on an appeal from an interlocutory decree. The first appeal, however, was brought when the district court appealed from was located within the jurisdiction of the Court of Appeal for the Second Circuit. In the interim between the two appeals, this court, the Third Circuit Court of Appeal, was established and activated, and it encompassed the district court wherefrom the appeals were brought. On the latter appeal, the question was presented as to whether the successor court could consider issues decided by the former appellate decision. The issue was disposed of as follows:
“. . This court thus occupies the identical status as the Second Circuit as the appellate court of first instance with regard to this same suit between the same parties, in which upon this second appeal the identical issue is again raised as was decided in the first appeal. When *1287 the same issue is re-urged upon the second appeal as was decided on the first appeal, the law of the case doctrine is nevertheless applicable even though, in the interval, the personnel of the appellate court has changed. (Holthoff v. State Bank & Trust Co., 208 Ark. 307, 186 S.W.2d 162, 1945; State v. Woodruff, 170 Miss. 744, 150 So. 760, 1933), or a different panel hears the second appeal (Shunk v. Shunk Mfg. Co., 86 Ohio App. 467, 93 N.E.2d 321, 1949), or appellate jurisdiction of the litigation is transferred to a successor tribunal of equivalent appellate function (State Bank of Waterloo, Ill v. City National Bank, 26 Okl. 801, 910, 110 P. 910, 1910; St. Croix Lumber Co. v. Mitchell, 4 S.D. 487, 57 N.W. 236, 1894). See 5B C.J.S. Appeal & Error § 1828, p. 203.”
In the instant suit, we find that the parties in the prior suit were the same as now, the issues presented the same, and the court rendering the opinion was of equal judicial status as this court. We therefore hold that the “law of the case” principle applies, and thus limits this court’s consideration of the issue to determining whether there was a palpable error in the prior ruling, or that the prior ruling results in manifest injustice.
After careful review of the First Circuit’s opinion in this suit, we find that neither of these exceptions to the rule are present.
Furthermore, we find insufficient merit to American’s argument that there was material change in the evidence presented relative to this issue at the district court on remand.
Therefore, for the above given reasons, the judgment of the lower court is affirmed, with all costs of the appeal to be borne by appellant.
AFFIRMED.