STOULIG, Judge.
This is an appeal from a judgment that nullifies a contract of lease between the Board of Levee Commissioners of the Orleans Levee District and the F. Edward Hebert Foundation for noncompliance with *749 the public lease law (R.S. 41:1211 et seq.). The defendants were also enjoined from proceeding on this site with construction of the proposed F. Edward Hebert Memorial Library.
The basis for this result is our opinion in Arnold v. Board of Levee Com’rs of Orleans Lev. Dist., 327 So.2d 495 (La.App.1976), wherein we held that a petition alleging the lease in question was confected without complying with R.S. 41:1211 et seq. did state a cause of action. On this holding the court was unanimous. The majority stated:
“We conclude that the lease negotiated between defendants is valid only if consummated after compliance with the provisions of L.R.S. 41:1211 et seq. While defendants concede the lease was privately negotiated, our adjudication necessarily is limited to the record before us and we can only hold that the petition does state a cause of action in this respect.” 327 So.2d at 500.
On remand, the litigants formally stipulated the public bid procedure was not used; therefore, we apply the “law of the case” principle and affirm based on our holding in the first appeal.
Appellants reargue the proposition the Board has been exempted from compliance with the public lease law by a constitutional grant. They urge us to review the same issue and depart from the “law of the case” policy because of the alleged problems the decision creates in titles to property derived from the Board through mesne conveyances. It may be doubted, however, that titles pre-existing the 1974 Constitution are affected by our decision. In any case, the applicability of the “law of the case” principle and situations in which a court is warranted in deviating from this policy are well stated by Justice Tate in Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81, 83 (La.1973). We quote:
“The procedural principle known as the ‘law of the case’ foreclosed the trial court on the remand from reconsidering the unconstitutionality issue, this court having decided such issue on the first appeal.
“As the authorities to be cited show:
“The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
“Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
“See: Day v. Campbell-Grosjean Roofing & S. M. Corp., 260 La. 325, 256 So.2d 105 (1971); Louisiana State Bar Assn. v. Theard, 225 La. 98, 72 So.2d 310 (1954); City of Gretna v. Aetna Life Ins. Co., 207 La. 1085, 22 So.2d 658 (1945); Wall v. American Employers Ins. Co., 250 So.2d 172 (La.App. 1st Cir. 1971); Keller v. Thompson, 134 So.2d 395 (La.App. 3d Cir. 1961) (full discussion). See also Moore’s Federal Practice, 0.404 (1965); Freeman on Judgments, Section 30 (5th Ed. 1925); Note, 60 Ky.L.J. 419 (1972); Note, 5 Stanford L.Rev. 751 (1953); Note, 62 Harv.L.Rev. 286 (1948); Note, 40 Col.L.Rev. 268 (1940); Lummus, ‘The “Law of the Case” in Massachusetts’, 9 Boston U.L.Rev. 225 (1929); 5B C.J.S. ‘Appeal and Error’ §§ 1821-1834, 1964; 21 C.J.S. ‘Courts’, § 195; 5 Am.Jur.2d ‘Appeal and Error’, Sections 744-59.”
After considering the arguments and briefs of counsel and the amici curiae briefs, we fail to see how this case meets the criteria warranting a departure from the “law of the case”'rule.
*750 For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

SCHOTT, J., concurs with written reasons.