527 So.2d 493 (1988)
Salvadore FICARRA, Jr.
v.
MOUNT VERNON FIRE INSURANCE COMPANY, et al.
No. 87-CA-837.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*494 Jerry W. Sullivan, Halpern and Daigle, Metairie, for defendant-appellee.
John P. Ferrara, New Orleans, for plaintiff-appellee.
David M. Cambre, New Orleans, for defendant-appellant.
Before CHEHARDY, GAUDIN and WICKER, JJ.
WICKER, Judge.
The defendant, Mt. Vernon Fire Insurance Company, appeals the denial of its motion for summary judgment, specifically the finding of the trial judge that it had a duty to defend its insured. We affirm.
The plaintiff, Salvador Ficarra, Jr., was injured in a fight with Billy Hoffman. Hoffman was an employee of Vincson, d/b/a Kenny Vincent Southside Lounge, and/or Kenny Vincent. Ficarra sued Hoffman, Vincson, Kenny Vincent, and Mt. Vernon, the liability insurer of Vincson.
Mt. Vernon filed a motion for summary judgment, citing the intentional act exclusion of its policy. The trial judge denied the motion, finding that "the date of the alleged incident and the exclusionary endorsement are factual issues in contest." Additionally, he concluded, "The court is of the opinion that the insurance company had a duty to defend."
Mt. Vernon applied to this court for writs (87-CA-400), asking us to review the trial court's decision. We denied the writ, finding no error below. By this appeal, Mt. Vernon is asking us to review one of those issues already addressed: the trial judge's finding that Mt. Vernon had a duty to defend. We believe our prior denial of writs is the "law of the case."
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81, 83 (La.1973). (Citations omitted.) The Fifth Circuit has held that the law-of-the-case doctrine applies, not only to full appellate proceedings, but also to proceedings where the issue being appealed was previously considered in a writ application. Mihalopoulos v. Westwind Africa Line, Ltd., 511 So.2d 771 (La.App.1987).
We have also considered the merits of the trial judge's ruling. We see no clear, palpable, or manifest error; and we decline to consider the issue a second time.
The decision of the trial court is affirmed, and the costs of this appeal are *495 assessed to Mt. Vernon Fire Insurance Company.
AFFIRMED.