GREMILLION, Judge,
dissenting.
_JjThe majority has issued a cogent and scholarly opinion concluding with a determination that thirteen violations of the relevant statutory law necessitates multiple penalties. However, a previous majority of this court, in considering the very same issues presented here by the very same parties determined that there were, indeed, no multiple violations. Rather there was “a single, ongoing violation.” Johnson v. Conagra Poultry Company, 31 So.3d 1067. While that court’s analysis and conclusions were different from this majority opinion, they were no less cogent and no less scholarly.
Appellee has urged that we affirm the worker’s compensation judge based primarily on the employment of the law of the ease doctrine, and I agree. There are numerous reasons for the development and application of this doctrine to include the promotion of consistency and essential fairness. Cree Oil Company v. Home Insurance Company, 653 So.2d 620. However, I would respectfully suggest that the primary reason for the doctrine is the promotion of judicial efficiency by the avoiding litigation over the same issues time and again.
In this matter, one can imagine Mr. Johnson and Conagra returning to this court again and again, trading back and forth their roles as appellant and appellee, making the same arguments, and expecting different rulings from new and 1 gdifferent panels as they have already done twice. Obviously, it is this type of panel-shopping repetition that the law of the case doctrine was developed to avoid.
It is true that the doctrine should not be applied when doing so would result in “palpable error” or “manifest injustice.” Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81 (La.1973). However, in this case, the ruling of the prior panel of this court was neither palpably erroneous nor was it manifestly injust. It was merely different. Accordingly, I respectfully dissent, finding that the worker’s compensation judge properly applied the law of the case doctrine and his award of a single penalty should be affirmed.