NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-730


EVELYN BURLISON

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY, ET AL


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 99,578
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Sharon Darville Wilson, Charles G. Fitzgerald, and Ledricka J. Thierry, Judges.


AFFIRMED.

**R. Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Evelyn Burlison**

**Lottie L. Bash**
**Franklin "Drew" Hoffmann**
**Jordan S. Varnado**
**Emily R. Fruge**
**FAIRCLOTH MELTON SOBEL & BASH, LLC**
**105 Yorktown Drive**
**Alexandria, Louisiana 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANT/APPELLEE**
     **Powerhouse Investments, LLC**

**WILSON, Judge.**

Plaintiff, Evelyn Burlison, appeals the judgment of the trial court granting Defendant's, Powerhouse Investments L.L.C. ("Powerhouse"), motion for summary judgment, sustaining its exception of prescription, and dismissing all claims against Powerhouse. For the reasons expressed below, we affirm the judgment of the trial court.

## I.

## ISSUES

On appeal, Ms. Burlison asserts the following assignment of error:

(1) The trial court erred in granting the motion for summary judgment of Powerhouse Investments, LLC thereby dismissing the claims of plaintiff in a civil action for premises liability in a parking lot where the plaintiff slipped, fell, and sustained injuries on a buildup of "gunk" in the parking lot which was neither "clean" or "well maintained."

## II.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of January 13, 2020, Mrs. Burlison arrived at the Orthopedic Center of Louisiana, located at 500 South Sixth Street, Leesville, Louisiana. She arrived at the location to retrieve paperwork for her husband. After attempting to use a side entrance, Mrs. Burlison began walking through the parking lot to access the public entrance. It had rained previously that day but had stopped by the time she arrived at the office. While walking across the parking lot, Mrs. Burlison slipped and fell in "sludge" on the pavement. She then entered the office and reported the fall. Mrs. Burlison returned to the office on January 14, 2020, and informed the office manager of her fall and injuries.

On January 11, 2021, Mrs. Burlison filed suit against Orthopedic Center of Louisiana L.L.C. ("Orthopedic Center") and its insurer, State Farm Fire and Casualty Company ("State Farm"). After receiving documents from the named defendants and discovering the actual owner of the parking lot, on September 1, 2021, Mrs. Burlison filed a First Supplemental and Amending Petition naming Powerhouse as a defendant. Motions for summary judgment were filed by all Defendants. The motions were heard on November 18, 2021, and on December 8, 2021, the trial court granted summary judgment in favor of all Defendants, dismissing Mrs. Burlison's claims in their entirety.

Mrs. Burlison appealed. This court affirmed the trial court's granting of Orthopedic Center and State Farm's summary judgment motion, but reversed the granting of Powerhouse's motion and remanded the matter. *See Burlison v. State Farm Fire & Cas. Co.*, 22-194 (La.App. 3 Cir. 12/21/22), 354 So.3d 272, *writ denied,* 23-71 (La. 4/12/23), 359 So.3d 21. The Louisiana Supreme Court denied Powerhouse's writ application.

On May 22, 2023, Powerhouse filed a Peremptory Exception of Prescription and Alternative Motion for Summary Judgment which was heard by the trial court on August 28, 2023. On September 1, 2023, the trial court granted the motion for summary judgment, sustained the peremptory exception of prescription, and dismissed all claims against Powerhouse with prejudice. Mrs. Burlison now appeals.

III.

**STANDARD OF REVIEW**

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591

2

So.2d 342 (La.1991). A motion for summary judgment shall only be granted when there are no genuine issues of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3). When reviewing a grant of an exception of prescription, courts apply the manifest error standard if evidence was adduced, but if no evidence was adduced the de novo standard applies. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043.

IV.

## LAW AND DISCUSSION

On appeal, Mrs. Burlison argues that the trial court erred in granting the motion for summary judgment because the issues in the motion were already presented to the trial court, reversed by this court, and writs were denied by the supreme court. She also argues that the motion should not have been granted because adequate discovery had not been had.

Mrs. Burlison argued lack of adequate discovery in her prior appeal and this court noted, "we agree with our brethren of the first circuit that 'lack of discovery is grounds for requesting a continuance for a hearing, not an element on the merits of a motion for summary judgment.'" *Burlison*, 354 So.3d at 278 (quoting *Ellis v. Louisiana Bd. of Ethics*, 14-112, p.14 (La.App. 1 Cir. 12/30/14), 168 So.3d 714,725, *writ denied*, 15-208 (La. 4/17/15), 168 So.3d 400). Mrs. Burlison failed to file a motion for continuance to allow for further discovery before the summary judgment hearing. Accordingly, the trial court did not err in hearing the motion for summary judgment.

A motion for summary judgment shall only be granted when the motion, memorandum, and supporting documents show there are no genuine issues of material fact, and the mover is entitled to judgment as a matter of law. La.Code

3

Civ.P. art. 966(A)(3). If the mover will not bear the burden of proof on the issue at trial, the mover's burden only requires the mover to "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim[.]" La.Code Civ.P. art. 966(D)(1). Once the mover has successfully done this, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

> A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law, pursuant to LSA-C.C.P. art. 966(B).
>
> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion there is no need for a trial on that issue[,] and summary judgment is appropriate.
>
> Because it is the applicable substantive law that determines materiality, whether a particular fact is in dispute is "material" for summary judgment purposes can only be seen in the light of the substantive law applicable to the case.

*Jackson v. City of New Orleans*, 12-2742, pp. 5-6 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014) (citations omitted).

Mrs. Burlison asserted claims under La.Civ.Code arts. 2315, 2317 and 2317.1. Together these articles provide that the owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. However, an owner is not responsible for injuries resulting from any risk posed thereby but, rather, only for those injuries caused by an unreasonable risk of harm. *Simon v. CenturyLink, Inc.*, 21-412 (La.App. 1 Cir. 12/22/21), 340 So.3d 88. Thus,

4

whether a defect presents an unreasonable risk of harm is an essential element of Mrs. Burlison's claim.

The instant motion is Powerhouse's second motion for summary judgment in this case. Powerhouse made the same arguments in both motions. In the prior motion, Powerhouse adopted the arguments of Orthopedic Center and State Farm's motion which argued that the complained of condition was "open and obvious" and, therefore, not unreasonably dangerous. The trial court agreed and granted the motions for summary judgment. After Mrs. Burlison appealed, this court affirmed the granting of Orthopedic Center and State Farm's motion. This court relied on Mrs. Burlison's interrogatories and a photograph of the parking lot authenticated by Mrs. Burlison. Mrs. Burlison stated, "I slipped and fell down in the parking lot. The lot had a thick mold/sludge." There was no allegation made that the condition was a hidden hazard that was not visible or avoidable using ordinary caution. This court specifically noted:

> A review of the photograph clearly reflects the visible mud or sludge that she asserted was unreasonably dangerous. However, it is also clearly open and obvious to all by the use of ordinary care. This is especially true on a day that it has been raining, which Plaintiff alleged in her petition and acknowledged in her discovery responses.

*Burlison*, 354 So.3d at 281.

Thus, this court found that the evidence pointed out an absence of factual support for an element essential to Mrs. Burlison's claim. The burden then shifted to Mrs. Burlison to establish the existence of material facts in dispute or that Defendants were not entitled to judgment as a matter of law. As Mrs. Burlison only offered evidence related to the allegations of lack of adequate time for discovery, and those offerings were ruled inadmissible, she failed to meet her burden of proof.

5

In her brief, Mrs. Burlison points out that while the granting of Orthopedic Center and State Farm's motion was affirmed, the granting of Powerhouse's motion was reversed. She then argues that the matter involves the same argument, and the actions in the appellate court should be the same. Mrs. Burlison fails to consider the reasoning for this court's reversal of Powerhouse's prior motion for summary judgment.

Mrs. Burlison is correct in that the argument is the same; however, this court did not reverse the granting of Powerhouse's motion on substantive grounds. In the prior motion, Powerhouse attempted to incorporate and adopt the exhibits of the other defendants into its own motion but failed to actually attach these exhibits. This court reasoned,

> Thus, despite its attempt to incorporate and adopt Defendants' exhibits into its own motion, the only evidence we may consider relative to Powerhouse's motion is Plaintiff's first supplemental and amending petition. However, as that petition only alleged that Powerhouse, as the owner of the property, was responsible for the "maintenance, upkeep and repair of the property during the pendency of" OCL's lease, we find that Powerhouse has failed to point out an absence of factual support for an essential element of Plaintiff's claim. Thus, the burden of proof never shifted to Plaintiff to prove that the condition of the parking lot was unreasonably dangerous. Accordingly, the judgment of the trial court granting summary judgment in favor of Powerhouse is reversed, and the matter is remanded to the trial court for further proceedings.

*Id*. at 282-83.

Rather than requiring a reversal in the instant case, the prior opinion of this court requires an affirmation. This court has already found that the condition was open and obvious and, thus, not unreasonably dangerous. This finding was based on the statements of Mrs. Burlison and the authenticated photo of the parking lot. The referenced photo is attached to Powerhouse's second motion for summary judgment. The law of the case doctrine refers to "(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not

reconsider its own rulings of law on a subsequent appeal in the same case." *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81, 83 (La.1973). The policy reasons behind this doctrine are "the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue." *Id.*

Applying the law of the case doctrine, Powerhouse has satisfied its burden, and the burden shifts to Mrs. Burlison to establish the existence of material facts in dispute or that Powerhouse is not entitled to judgment as a matter of law. As in the prior appeal, Mrs. Burlison failed to present any proof establishing that the condition of the parking lot was not open and obvious. The sole attachment offered by Mrs. Burlison is an affidavit by her attorney referencing correspondence and emails related to discovery. This court addressed Mrs. Burlison's discovery-related arguments in the prior appeal and found she failed to establish the existence of a genuine issue of material fact. The same is true in the instant appeal. Accordingly, we affirm the trial court's grant of summary judgment in favor of Powerhouse.

In her brief, Mrs. Burlison includes a section addressing the peremptory exception of prescription noting that Powerhouse was added once their ownership of the subject property was discovered. However, Mrs. Burlison failed to include an assignment of error regarding the exception of prescription. Uniform Rules—Courts of Appeal, Rule 1–3 provides, "the Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise." Thus, Mrs. Burlison did not properly raise this issue for appeal.

Nonetheless, we find that the trial court properly sustained the peremptory exception of prescription. The subject accident occurred on January 13, 2020.

7

Delictual actions have a one-year prescriptive period. La.Civ.Code art. 3492. Powerhouse was not added to the suit until September 1, 2021, well past the one-year prescriptive period. Thus, the claim was prescribed on its face and the burden shifted to Mrs. Burlison to prove suspension or interruption. In the amended petition, Mrs. Burlison asserted that Powerhouse was solidarily liable with the other defendants. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La.Civ.Code art. 1799. However, the other defendants were found not liable on December 8, 2021, when their motion for summary judgment was granted and they were dismissed. Their dismissal was affirmed by this court. "Filing suit against a party who is later determined to be without obligation to the plaintiff does not interrupt prescription against a purported solidary obligor who was not timely sued." *Etienne v. Nat'l Auto. Ins. Co.*, 99-2610, p. 7 (La. 4/25/00), 759 So.2d 51, 56. Consequently, prescription against Powerhouse was not interrupted, and Powerhouse's exception of prescription was properly sustained.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Evelyn Burlison.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

8