396 So.2d 461 (1981)
Walter T. LANAUX
v.
ACE PRODUCTION, INC. et al.
No. 11695.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
*462 Tortomasi & Tortomasi, Bernard J. Tortomasi, Jr., New Orleans, for Walter T. Lanaux, plaintiff-appellant.
Frank E. Beeson, III, New Orleans, for George McGehee Brown, Jr., defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
This appeal is by shareholder complaining of an inadequate award of costs and expenses to enforce his inspection rights as provided in L.R.S. 12:172(D).
Walter T. Lanaux is a qualified shareholder of the defendant corporation, Ace Production, Inc. In accordance with L.R.S. 12:103(D) he made written demand upon the corporate president, George McGehee Brown, Jr. for examination of the corporate records. Receiving no response, Lanaux filed a petition for writ of mandamus against the corporation and Brown to permit the statutorily authorized examination. Despite personal service on Brown, no appearance was made on behalf of the defendants. After a hearing, the court made the alternative writ of mandamus peremptory ordering compliance, but suggesting to petitioner that the issue of costs and attorneys' fees as provided in L.R.S. 12:172(D) be reserved to a later date.
Personal service was made of the mandamus judgment, but Brown still did not comply. This action caused petitioner to file a rule for contempt for failure of Brown to follow the directive of the court, cumulated with a prayer for costs, attorneys' fees and damages. The contempt rule was fixed for November 16, 1979 and on that date Brown finally appeared in court, but was unrepresented by an attorney, and the matter was continued to December 21, 1979 to permit compliance. However, no compliance was had and on December 21, 1979 the respondent Brown failed to show present in court. The court then found him in contempt of the orders of the court and imposed a sentence of 24 hours confinement in the Parish Prison together with a fine of $250, and *463 issued a writ of attachment for the arrest and production of the defendant for execution of sentence. The court further ordered judgment against the defendants for $250 attorneys' fees for that proceeding only, and reserved the right of plaintiff's attorney to request fees for other proceedings. Brown somehow learned of his impending arrest and appeared in court with attorney during the year-end recess and obtained a stay of sentence from another judge. On January 3, 1980 Brown's attorney filed a motion and order to rescind and recall the judgment of contempt, and the court set that matter for January 18th, requiring the production of the corporate records at the same time.
At that hearing the judge recalled and annulled the prior judgment of December 21 that held Brown in contempt and awarded attorneys' fees, ordering defendants to pay attorneys' fees in the sum of $150 and to pay all court costs of the proceedings. However, for some reason unknown to us, this judgment of January 18 was also recalled and annulled and on the 25th of January judgment was rendered ordering defendants to pay plaintiff's attorney fees in the sum of $150 and to pay $18.00 of the court costs of these proceedings. Plaintiff's appeal followed. We conclude that the judgment is manifestly erroneous and the award is inadequate. We note that the penalties provided in R.S. 12:172(D) are only authorized in the case of a bad faith refusal to permit the exercise of inspection rights. We have detailed the circumstances of this case above because they clearly show the bad faith of the defendant. The only excuse offered in the record for defendants lack of action is that offered by his attorney on January 18th that Brown was not represented by counsel in any of the prior proceedings and that now, having obtained counsel, he complied with the court's order and the plaintiff's request. The court made obvious its feeling of compassion for the defendants, but at the same time we cannot permit the plaintiff to be punished by denying him the costs statutorily accorded him to assist in compliance with his right as shareholder. To affirm the judgment of the trial court would render those statutory rights meaningless.
By stipulation of the parties, plaintiff introduced a detailed statement showing the time required of his attorney to afford proper representation in the numerous proceedings made necessary by defendant's constant refusal to appear and comply. This amounted to 18 hours of work at $50 per hour or the sum of $900. Additionally, the court costs expended at that time amounted to $90. We recognize that there is discretion vested in the trial judge in the setting of attorney's fees, and that attorney's fees are ordinarily set upon a myriad of considerations which we have enumerated in past jurisprudence. However, noting the trial judge's award of attorney's fees in the sum of $250 only for the contempt proceeding, when we consider the several other proceedings, we believe that the sum of $900 is just under the circumstances. We especially note that the many hours detailed by the attorney were necessitated because of Brown's constant refusal to comply with the rights of the shareholder.
Similarly, it was this same refusal which caused the imposition of the court costs necessary to carry out all of the procedures to finally obtain examination of the record. We can perceive no legal basis for reducing the stipulated court costs from $90 to an award of only $18. Accordingly, we award $90 as costs and expenses under R.S. 12:172(D). Additionally, we tax whatever other court costs may be due in this proceeding below and this appeal against the defendants as provided in C.C.P. Art. 2164.
For the reasons assigned above, the judgment appealed from is amended and increased and there is now judgment rendered in favor of Walter T. Lanaux and against Ace Production, Inc. and George McGehee Brown, Jr. in solido in the sum of $900 as attorney's fees and $90 as costs. Defendants are additionally cast for all court costs in the trial court and this court. As thus amended, the judgment is affirmed.
AMENDED AND AFFIRMED.