463 So.2d 992 (1985)
Ronald J. NAQUIN, Plaintiff-Appellee,
v.
AIR ENGINEERED SYSTEMS & SERVICES, INC., et al., Defendants-Appellants.
No. 84-105.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied March 22, 1985.
*993 Porteus R. Burke, New Iberia, for defendants-appellants
Charles N. Wooten, Sr., and Dan Keefe Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether the trial court properly awarded attorney's fees as a penalty against the defendants who prevented plaintiff-stockholder from exercising his statutory right to inspect corporate records.
The facts of this case are as follow:[1]
On December 20, 1977, defendant, Air Engineered Systems and Services, Inc. (Air Engineered), was incorporated by plaintiff, Ronald Naquin, and defendants, Keith R. Dubois and Dennis Hoffpauir, with each of them owning 100 shares of stock in the corporation. The defendant, Dubois, was President and the defendant, Hoffpauir, was the Secretary-Treasurer of Air Engineered, with plaintiff, Naquin, an employee. The plaintiff was employed mostly as a salesman for the corporation. The business of the corporation consists primarily of the design, sale and installation of air compressors for drilling rigs. Air Engineered tried to design a compressor to fit on a drilling rig, using the least amount of space and weight, computed a cost analysis, and then tried to sell the package to a drilling company. Naquin was employed by the corporation until early in November 1981, when dissatisfaction arose between the three shareholders. Dubois and Hoffpauir offered to buy Naquin's interest for $2,000.00 a month for ten years if he would sign a non-competition agreement. Naquin refused the offer and was fired on November 17, 1981. At about this same time, Naquin formed his own business called Air Compression Energy Systems. On November 20, 1981, Naquin made a written request for an appointment to examine the corporate records. This request was referred to Air Engineered's attorney. Defendants subsequently denied Naquin access to the corporate records unless he agreed to sign an indemnity and hold harmless agreement in favor of Air Engineered claiming Naquin was a competitor. On February 26, 1982, Dubois and Hoffpauir held a special shareholder's meeting and voted to increase the capital stock of Air engineered by issuing 15,000 new shares *994 valued at $10.00 each. Dubois and Hoffpauir exercised their preemptive rights, purchasing 5,000 shares each. Naquin refused his option to purchase 5,000 shares because he was uninformed as to the true worth of the corporation and was apparently in the middle of a freezeout. In order to pay for their new shares, Dubois and Hoffpauir called in personal loans they had given to the corporation. Hoffpauir's monthly salary was also increased from $3,500.00 to $6,000.00 per month.
Dubois and Hoffpauir testified that they refused to allow Naquin access to the records because they feared he would use the information to gain an unfair advantage over Air Engineered in the sales of air compressors. They complained that Naquin had hired away one of their former employees and attempted to hire another. They also testified that Naquin secured a contract for his own company from a customer that he had originally solicited for Air Engineered.
In order to gain access to the corporate records, Naquin filed this suit for a writ of mandamus against Air Engineered, Dubois and Hoffpauir, ordering them to allow him to examine the corporate records pursuant to LSA-R.S. 12:103. Naquin also sought attorney's fees and other expenses. The trial court granted the writ of mandamus ordering Air Engineered to allow Naquin to inspect the corporate records within fifteen days. The trial judge also found that Naquin was entitled to attorney's fees, however, he delayed setting the actual amount of the fees until a later date. On appeal, this court affirmed the granting of the mandamus. We noted that the trial judge's decision to award attorney's fees was not appealable since it was not a final judgment. Nonetheless, in the interest of judicial economy, this court examined the propriety of awarding attorney's fees and concluded that the trial judge was correct in deciding to award attorney's fees. Air Engineered applied for writs to the Louisiana Supreme Court which were denied. Subsequently, Naquin filed in the trial court a motion and order to show cause seeking another order mandating that Air Engineered allow Naquin access to the corporate records and also seeking attorney's fees in the amount of $8,960.25. The trial judge heard the rule and ordered Air Engineered to allow Naquin to inspect all records of shareholders, board meetings and committee meetings as well as all financial records of the corporation that were prepared prior to February 28, 1982. The court also awarded Naquin $7,179.00 in attorney's fees as a penalty for Air Engineered's bad faith in denying Naquin his right to examine the corporate records. Air Engineered appeals the award of attorney's fees and we affirm.
Air Engineered asserts the following specifications of error: "The trial court erroneously allowed an award of attorney's fees to plaintiff." This raises two issues for resolution on appeal. First, was Air Engineered in bad faith in denying Naquin access to the corporate records. Second, if Air Engineered was in bad faith, may attorney's fees be awarded under LSA-R.S. 12:172(D) as a penalty.

AIR ENGINEERED'S BAD FAITH
In order for Naquin to recover the penalties provided in LSA-R.S. 12:172(D), he must prove that Air Engineered acted in bad faith in denying Naquin's statutory right to inspect the corporate records. LSA-R.S. 12:103 provides in pertinent that, upon at least five days written demand, any shareholder who is also a business competitor is entitled to inspect the corporate records if he owns 25% of the outstanding shares for a six month period previous to the demand. At the time Naquin made his written demand (November 17, 1982), he owned 33 1/3% of the outstanding shares of Air Engineered for more than six years. Under the express language of the statute, he was legally entitled to inspect the corporate records at the date of his written demand. Naquin v. Air Engineered System & Services, Inc., et al, supra.
The trial court found that:

*995 "... [t]he defendant is in bad faith in this matter in trying to water down the corporation's stock and dragging its feet, thwarting the plaintiff's right of inspection."
We agree with this finding. Not only did the corporation refuse Naquin access to the corporate records but Dubois and Hoffpauir responded to Naquin's written demand for inspection of the corporate records by calling a shareholders' meeting to increase the number of outstanding shares of Air Engineered in an attempt to keep Naquin from viewing the records. As the trial court noted:
"[t]he purpose of issuing the new shares with subscription rights was to put the plaintiff in a position where he would certainly not buy new stock in the corporation and numerically at least own less than the 25 percent shares necessary to inspect the books as a competitor....."
Air Engineered contends that it was justified in refusing to allow Naquin to inspect the corporate records as long as he refused to sign an indemnity agreement protecting Air Engineered from any damages it might suffer as a result of Naquin's use of the information contained in the corporate records. Dubois and Hoffpauir argue that their fear that Naquin would use the information in an unfair manner, to Air Engineered's detriment, is substantiated by Naquin's past conduct. They complain that Naquin has already hired away one of their employees, attempted to hire another, and secured a job for his own company which he originally solicited for Air Engineered. However, the burden of proving that a shareholder possesses ill motive is on the corporation seeking to deny the shareholder's right to inspect the records. Naquin v. Air Engineered Systems, Etc., supra; Orlando v. Reliance Homestead Ass'n, 171 La. 1027, 132 So. 777 (La.1931). Air Engineered has failed to meet its burden of proof. The record supports Naquin's assertion that he wanted to examine the records so that he could determine the actual value of his interest in the corporation. The corporation's original stock issue was never given a dollar value. Since Dubois and Hoffpauir fired Naquin and were attempting to buy him out at a price that he felt was inadequate to fairly compensate him, it was imperative that Naquin be allowed to examine the corporate records to determine the actual value of the corporation and its financial condition, to determine the true value of his shares.
Air Engineered's argument that Naquin was actually seeking to gain an unfair competitive advantage is not supported by the facts of the case. Since Naquin was a major stockholder of Air Engineered and a salesman for six years, he already knew who Air Engineered's customers were and he could gain no unfair advantage from inspecting the financial records.

ATTORNEY'S FEES UNDER LSA-R.S. 12:172
The issue of whether LSA-R.S. 12:172(D) provides for attorney's fees has already been resolved by this court in this same case between the same parties. The first time this case was heard before this court, appellant, Air Engineered, argued that the lower court erroneously awarded attorney's fees to Naquin. After considering Air Engineered's contentions, this court found that the award of attorney's fees by the trial court was not a final judgment but, for reasons of judicial economy, passed on the issue of awarding attorney's fees to Naquin as a penalty for Air Engineered's bad faith denial of Naquin's statutory inspection rights.
Due to our previous decision on this issue, we are now constrained by the law of the case doctrine in reviewing the propriety of the trial judge's award of attorney's fees. The Louisiana Supreme Court explained the applicability and the purpose of the doctrine as follows:
"The law of the case principle relates to ... the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of *996 the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
"Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice." Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81, 83 (La.1973).
See also, Bowles & Edens v. H & H Sewer Systems, Inc., 346 So.2d 1283 (La.App.3rd Cir.1977).
After examining the merits of this case, we hold that the previous decision approving the award of attorney's fees was not palpably erroneous nor did it create manifest injustice. The issue of whether R.S. 12:172(D) provides for attorney's fees as a penalty was not res nova when this case first appeared before the Third Circuit as our brethren on the Fourth Circuit Court of Appeal had already resolved the issue in favor of allowing attorney's fees as a penalty for improperly refusing a stockholder his right to inspect corporate records. In Lanaux v. Ace Production, Inc., 396 So.2d 461 (La.App. 4th Cir.1981), the court held that, under R.S. 12:172(D), attorney's fees may be assessed as a penalty against a defendant, who in bad faith refuses to allow a shareholder to inspect the corporate records. But see, Redemer v. Hollis, 347 So.2d 48, 49 (La.App. 2nd Cir.1977), writ den., 350 So.2d 897 (La.1977), where the court recognized LSA-R.S. 12:172 is penal in nature and is to be strictly construed and all doubts are to be resolved against imposition of a penalty. The clear purpose of R.S. 12:172(D) is to discourage corporations from denying minority shareholders their statutory right to inspect the corporate records. A minority shareholder's inspection rights are of the utmost importance as they may be his only means of acquiring information about the affairs of the corporation. See Bennett, 2 L.La.L.Rev. 597 (May 1940). As was noted in Naquin v. Air Engineered Systems, Etc., supra, if this statute is interpreted so as to preclude awarding attorney's fees as a penalty, it would render the statutory rights meaningless as often the most expensive cost, expense and damage to a shareholder for bringing a mandamus action to force a corporation to allow inspection of its records are the attorney's fees incurred by the shareholder in pursuing the action. If we were to hold that R.S. 12:172(D) only allowed as a penalty the imposition of court costs and expenses of the proceeding as damage actually sustained by the stockholder, the statute would lose its effectiveness as a deterrence to the bad faith denial of shareholder inspection rights to corporate records.
Air Engineered argues that the statute's provision for "costs and expenses" and "for any other damages actually sustained" by a shareholder seeking to enforce such inspection rights cannot be construed as to allow an award of attorney's fees. In support of this, Air Engineered cites the well-established principle of law that attorney's fees are not recoverable unless they are particularly authorized by law or by a contract between the parties. See Williams v. Peacock, 441 So.2d 57 (La.App. 3rd Cir.1983); Gewin v. Willamette Industries, Inc., 406 So.2d 730 (La.App. 3rd Cir. 1981). Further, Air Engineered argues that we must follow the Louisiana Supreme Court's limited interpretation of the word "expenses" in the case of United Gas Pipeline Co. v. Louisiana Pub. Serv. Com'n, 279 So.2d 195 (La.1973).
In United Gas Pipeline Co., supra, the Louisiana Supreme Court held that the Louisiana Public Service Commission was not entitled to recover attorney's fees for its expenses in retaining a special counsel in its investigation to determine the proper rates for the United Gas Pipeline Company under a statute, LSA-R.S. 45:1180, which provides that any business investigated by the Louisiana Public Service Commission for the purpose of setting its rates must pay all expenses incurred by the commission *997 in conducting such examinations. The commission argued that the language providing for payment of "all expenses incurred by the commission" entitled it to recover the attorney's fees it incurred in retaining a Washington, D.C., attorney. The Louisiana Supreme Court disagreed, holding that the import of the statute was to exclude fees of a lawyer for work traditionally performed for the commission by lawyers.
The United Gas Pipeline Co. case and the present case are distinguishable. The Supreme Court, in the United Gas case, held that the import of that statute was to exclude attorney's fees for traditional legal work. In the present case it is clear that LSA-R.S. 12:172(D) is a penalty statute, unlike the statute construed in the United Gas case, which is intended to punish corporations for their bad faith in denying stockholders their statutory right to inspect corporate records. In light of the fact that attorney's fees are often the most expensive cost of bringing a mandamus action and the importance of the stockholder's rights at stake, attorney's fees should be allowable as a penalty under R.S. 12:172(D).
Finally, Air Engineered argues that, since Naquin entered into a contingency fee contract with his attorney, that the attorney's fees have not actually been incurred by Naquin and the court is bound by this agreement in assessing Naquin's attorney's fees. We disagree. In awarding punitive attorney's fees, the court is not bound by any agreements between the parties but on the court's conclusion as to the services the attorneys performed for Naquin. The amount of attorney's fees rests largely within the discretion of the trier of fact. Factors to consider include the amount involved, the skill of the attorney, and the amount of work necessarily undertaken by the attorney. Dowden v. Commonwealth Life Ins. Co., 407 So.2d 1355 (La.App. 3rd Cir.1981); LSA-R.S. 37, Chapter 4 Addendum DR 2-106.
The trial judge awarded Naquin $7,179.00 in attorney's fees. The court arrived at this amount by multiplying $100.00 (hourly rate for senior attorney's time) times 71.25 (amount of hours spent on the case), and adding $54.00 for travel expenses.[2] At the time the trial judge assessed the attorney's fees, this case had been twice before the district court, once before our court, and once before the Louisiana Supreme Court where Air Engineered's application for writs was denied. After a close review of the entire record, we cannot say the trial judge abused his discretion in awarding $7,179.00 in attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendant-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
As a general rule attorney's fees are not allowable in Louisiana except if authorized by law or by agreement. Hence, I have some reservations about the propriety of assessing attorney's fees in this case. However, I feel clearly bound to agree to attorney's fees in this instance due to the law of the case doctrine and this Court's previous ruling in this case at 423 So.2d 713 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 156 (La.1983).
NOTES
[1] For a more detailed summary of the facts, see Naquin v. Air Engineered Systems & Services, Inc., et al, 423 So.2d 713 (La.App. 3rd Cir. 1982), writs den., 429 So.2d 156 (La.1983).
[2] Naquin sought $8,960.25 in attorney's fees based on an hourly rate of $125.00 for senior attorney time. Although the trial judge did not feel $125.00 per hour was excessive, he reduced the hourly rate to $100.00 an hour since it is a penalty against Air Engineered and Naquin's attorney may eventually recover more from Naquin.