WILLIAM C. HAYWARD, III
v.
DOUGLAS S. HAYWARD, SR.
WILLIAM C. HAYWARD, III, MATHEW B. HAYWARD, WILLIAM HAYWARD, IV, CHRISTINE RODRIGUEZ, PAULA RODRIGUEZ, GEORGE RODRIGUEZ, TRAVIS RODRIGUEZ AND CHRISSIE RODRIGUEZ
v.
DOUGLAS S. HAYWARD, SR,; THE SHAREHOLDERS OF GERMANIA PLANTATION, INC. AND GERMANIA PLANTATION, INC.
No. 2007 CA 2028, Consolidated With 2007 CA 2029.
Court of Appeal of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
RUFUS HOLT CRAIG, Jr., Baton Rouge, LA, Counsel for Plaintiff/Appellee, William C. Hayward, III.
KENNETH L. BLANCHARD, Jr., Plaquemine, LA, Counsel for Defendant/Appellant, Douglas S. Hayward, Sr.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Douglas S. Hayward, Sr., appeals a judgment that resolves the claims between him, other shareholders of Germania Plantation, Inc., and Germania Plantation, Inc. (Germania).[1] Germania is a corporation owned by members of the Hayward family that had been managed by Douglas Hayward, Sr. For the following reasons, we reverse the judgment in part, vacate in part, amend in part, and affirm as amended.

PERTINENT FACTS AND PROCEDURAL HISTORY
This appeal addresses the claims and obligations between Douglas Hayward, Sr., and Germania flowing from two lawsuits that have been consolidated. Germania is a closely held corporation owned by members of the Hayward family. Initially, William Hayward, III, filed a quo warranto[2] action against Douglas Hayward, Sr. Subsequently, William Hayward, III, his children, and his sister filed a derivative action against Douglas Hayward, Sr. During the trial, the parties entered into a stipulated judgment regarding most issues, generally dealing with the ownership and transfer of the company stock. Trial continued on the issues related to accounting between the parties. After the conclusion of the trial, the trial court gave extensive written reasons and entered a judgment setting forth the claims and setoffs it allowed and disallowed. Upon recapitulating these sums, the trial court cast Douglas Hayward, Sr., in judgment for $207,156.29 in favor of Germania with interest, costs in the amount of $30,531.53, and attorney fees in the amount of $59,750.00. On a motion for new trial, the principal sum of the judgment was reduced to $190,310.49, which reflects a reduction in the interest calculation. The judgment on the new trial decreed "the judgment of June 15, 2006, [to be] the final judgment of this court in all other respects."
Douglas Hayward, Sr., appealed the judgment, asserting seven assignments of error:
1. The trial court erred in finding that Douglas was not entitled to any amounts for directors' fees;
2. The trial court erred in disallowing Douglas' $245,890.68 promissory note and the interest that was due upon it;
3. The trial court erred in awarding Douglas $84,387.95 in interest which had accrued on his $150,000.00 promissory note from 1985-1994;
4. The trial court erred in awarding Germania Plantation, Inc. attorney's fees in the amount of $59,750.00;
5. The trial court erred in ordering Douglas to pay $19,018.31 in costs for the fees of corporation CP. A. Nicolas Ourso;
6. The trial court erred in not crediting the corporation $6,100.00 in payments on Douglas' $245,890.68 note;
7. The trial court erred in charging double interest on Douglas' shareholder loan from 6/18/03 to 6/30/05.
Douglas Hayward, Sr. also filed in this court for the first time partial peremptory exception of prescription, asserting that certain of Germania's claims against him had prescribed.[3] Douglas Hayward, Sr. subsequently filed a motion for remand for a trial of the peremptory exceptions. Accordingly, we issued an order remanding the matter to the district court "as to those matters asserted as prescribed by the appellant and as to any matters which may be raised by the appellee in a pleading filed at the lower court prior to the hearing date."
On remand, the trial court considered Douglas Hayward, Sr.'s exception and also considered a pleading Germania filed requesting declaratory judgment, amendment of the judgment and, in the alternative, its exception of prescription. After the hearing, at which no testimony was taken and minimal new evidence was introduced, the trial court entered an order 1) overruling Douglas Hayward, Sr.'s exception of prescription, 2) declaring that the $245,890.68 note from Germania to him was "invalid and unenforceable" (The previous judgment had stated only that the note was "disallowed."), 3) re-awarding attorney fees in the amount of the original judgment, and 4) ruling that Germania's exception of prescription concerning the $245,890.68 note in favor of Douglas Hayward, Sr. was moot.
The matter was returned to this court, and we allowed supplemental briefing. Douglas Hayward, Sr., asserted four new assignments of error, as follows:
8. The trial court erred in finding that no amounts of Douglas' shareholder loans were prescribed;
9. The trial court erred in not finding that Douglas' $245,890.68 promissory note was not prescribed;
10. The trial court erred in not maintaining Douglas' declinatory exceptions to the lack of the court's jurisdiction over the subject matter, insufficiency of citation and insufficiency of service of process and dilatory exceptions of unauthorized use of summary proceedings and improper cumulation of actions;
11. The trial court erred in amending its prior judgment.

DISCUSSION

Declinatory and Dilatory Exceptions on Remand; Amendment of Judgment
On the first day of the remand hearing,[4] Douglas Hayward, Sr., filed declinatory exceptions of lack of subject matter jurisdiction, insufficiency of citation, and insufficiency of service of process. He also filed dilatory exceptions of unauthorized use of summary proceedings and improper cumulation of actions. The trial court did not specifically rule on these exceptions. We note that "[s]ilence in a judgment on any issue that has been placed before the court is deemed a rejection of the claim." Hayes v. Louisiana State Penitentiary, 06-0553, 0553, p. 6 n.9 (La.App. 1 Cir. 8/15/07), 970 So.2d 547, 554 n.9, writ denied, 07-2258 (La. 1/25/08), 973 So.2d 758. Here, the exceptions were clearly before the trial court, which specifically deferred ruling on them. Accordingly, we review Douglas Hayward, Sr.'s arguments as if the exceptions were denied.
The remand hearings were conducted pursuant to our order, which set an expedited hearing schedule. Our order directed the trial court to hear "any matters which may be raised by the appellee [Germania] in a pleading filed at the lower court prior to the hearing date."
"It is well settled that an appellate court is empowered under [La. C.C.P. art. 2164] to remand a case to the district court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice." Alex v. Rayne Concrete Service, 05-1457, p. 23 (La. 1/26/07), 951 So.2d 138, 155. Further, "[a]lthough a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, whether or not any particular case should be remanded is a matter which is vested largely within the court's discretion and depends upon the circumstances of the case." Id.
Here, Douglas Hayward, Sr.'s exceptions arise from the nature and extent of our remand order. It is clear from the foregoing that the trial court was vested with subject matter jurisdiction to hear Germania's motions. And the timetable we ordered did not allow for full service and citation, if such were required. Nor did it allow for ordinary proceedings or separate trials. We note that no testimony was taken at the hearings and that all issues directly related to matters previously litigated. Minimal new evidence was introduced, none of which bore on the exceptions. Douglas Hayward, Sr., does not show that he was prejudiced by the procedure employed, although he argues prejudice from the trial court's substantive rulings. Accordingly, we conclude that the trial court did not err in implicitly overruling Douglas Hayward, Sr.'s declinatory and dilatory exceptions.
Further, since we have determined that the trial court had the jurisdiction to hear the matters on remand, we conclude it also had the authority to render rulings on those matters. Accordingly, we conclude that Douglas Hayward, Sr.'s argument that the trial court was without jurisdiction to alter the judgment on remand is without merit.
Douglas Hayward, Sr.'s 10th and 11th assignments of error are without merit.

Shareholder Loan to Douglas Hayward, Sr.

Prescription
Because we conclude that Germania's shareholders could not have learned of the shareholder loan to Douglas Hayward, Sr. through reasonable diligence, we will affirm the trial court's ruling that the loan had not prescribed.
The trial court made the following "conclusion of law" in overruling Douglas Hayward, Sr.'s exception of prescription:
The Court finds that Douglas Hayward continuously kept records of the amount of money he borrowed from the corporation through his shareholder's loan. By doing so, his actions indicated a clear intention to pay the debt and acted as an acknowledgment of that debt. Since the acknowledge (sic) of a debt interrupts prescription, Appellant/Defendant's Exception of Prescription is Denied.
The trial court's finding that Douglas Hayward, Sr. continuously kept records of his borrowing is unsupported by the record and is manifestly erroneous. It therefore erred as a matter of law in concluding that Douglas Hayward, Sr.'s loans had not prescribed due to acknowledgment. This error pretermitted the trial court's analysis of Germania's claim that the loan's existence or balance were not reasonably discoverable.
"[W]here legal error interdicts the fact finding process, the manifest error standard no longer applies and, if the record is complete, an appellate court should make its own de novo review of the record." Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co., 05-1139, p. 5 (La. 11/29/06), 946 So.2d 133, 135. However, when an erroneous admission affects only one of several findings, each pertinent finding must be evaluated to determine the applicability of the manifest error rule to each. See Id., 05-1139 at p. 5, 946 So.2d at 135-36. A court of appeal errs in conducting a de novo review of factual findings not affected by the trial court's error. See Id., 05-1139 at p. 6, 946 So.2d at 138.
Germania's argument is in the nature of a defense of contra non valentem, although it did not use these words. The doctrine of contra non valentem applies in four factual situations to interrupt the running of liberative prescription, as follows:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.
Renfroe v. State, Dep't of Transp. and Dev., 01-1646, p. 9 (La. 2/26/02), 809 So.2d 947, 953. "It is well settled that the principle of contra non valentem will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own willfulness, neglect, or unreasonableness." Babineaux v. State ex rel. Dept. of Transp. and Dev., 04-2649, p. 5 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1124-25. "A plaintiff will be deemed to know what he could have learned through reasonable diligence." Id. "Generally, the prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence to sufficiently prove the claim." Id.
In this regard, the trial court made another finding of fact, that Douglas Hayward, Sr. "kept the corporate records secret from the shareholders." This factual finding is not manifestly erroneous. And from this finding, supported by other evidence in the record, we conclude that the other shareholders of Germania could not have learned through reasonable diligence of the existence and amount of the shareholder loan. Accordingly, we conclude that running of prescription on the shareholder loan was interrupted under the doctrine of contra non valentem. We will affirm the trial court's order that overruled Douglas Hayward, Sr.'s exception of prescription.[5] His 8th assignment of error is without merit.

Double Interest
In his seventh assignment of error, Douglas Hayward, Sr. asserts that the trial court erred in assessing him with double interest on his shareholder loan. Particularly, he points out that an exhibit the trial court relied on contained interest calculations through June 30, 2005. However, the court then allowed interest from the date of demand on the derivative action, June 18, 2003. Germania does not dispute this assertion.
We will amend the trial court's judgment to make interest on the principal balance of the shareholder loan payable at the legal rate from July 1, 2005, in the derivative action, rather than from date of demand. Douglas Hayward, Sr.'s 7th assignment of error has merit.

Germania's Promissory Note to Douglas Hayward, Sr.
The trial court concluded that Germania's note to Douglas Haward, Sr. of June 8, 1993, in the amount of $245,890.68 was invalid and legally unenforceable due to failure of consideration. We agree with the trial court in this regard. Further, we conclude that Douglas Hayward, Sr. has not borne his burden of establishing that the note was the result of an arm's length bargain, and we will affirm the trial court's order declaring that the note is "invalid and legally unenforceable."[6]
A payee who produces a note sued upon and who makes out a prima facie case will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the reality of the consideration.[7] Graves v. Porterfield, 555 So.2d 595, 598 (La.App. 1 Cir. 1989). "Once the maker casts doubt upon the consideration, the ultimate burden shifts to the payee to prove consideration by a preponderance of the evidence." Id.
Here, Germania cast substantial doubt on the value received for the note. In its written reasons rendered in connection with the original judgment on appeal the trial court found the note suspicious, as follows:
Douglas S. Hayward, Sr. maintains that the corporation owes him $245,890.68 on a note. This evidence was just presented during the trial proceedings. The corporate C.P.A. was not aware of the alleged note until court. This note was not a regular matter of discussion before the Board of Directors. Also, this documentation (largely handwritings of Douglas S. Hayward, Sr.) was not produced during normal discovery. It is suspicious, to say the least, that now, after he is no longer president, he maintains that he was not compensated or reimbursed. There were no significant pro-active steps taken in the past to fix this claim with the Board of Directors. This note and any interest on it is disallowed.
Accordingly, the burden shifted to Douglas Hayward, Sr., to prove consideration. He presented scant evidence with little support for his claims in favor of the validity of the note.
Further, "an agent who acquires his principal's property, or one who otherwise acts in a fiduciary capacity, bears the burden of establishing that the transaction was an arm's length affair." Noe v. Roussel, 310 So.2d 806, 818-19 (La. 1975). Douglas Hayward, Sr. has failed to prove that the transaction was an arm's length affair. Accordingly, we will affirm the trial court's declaration that the note is invalid and unenforceable. Douglas Hayward, Sr.'s 2nd assignment of error is without merit.
Several other assignments of error relate to this invalid note. In his third assignment of error, Douglas Hayward, Sr., asserts that the trial court erred in awarding interest of $84,387.95 on a note from Germania to him in the amount of $150,000.00. He asserts that this interest was included in the note in the amount of $245,890.68. However, since the trial court concluded this interest was due to Douglas Hayward, Sr. and that the other note was not valid, it did not err in awarding the interest in this amount. Germania does not challenge this amount. Douglas Hayward, Sr.'s 3rd assignment of error is therefore without merit.
In his sixth assignment of error, Douglas Hayward, Sr. contends that the trial court erred in not crediting Germania with $6,100.00 in payments on the $245,890.68 note. Germania, however, does not challenge this ruling and is not seeking credit for these payments. Further, as the note is invalid and unenforceable, no credits can be applied against it. Douglas Hayward, Sr.'s 6th assignment of error is without merit.
In his eighth assignment of error, Douglas Hayward, Sr., contends that the trial court erred in failing to find that his $245,890.68 note had not prescribed. However, since the trial court concluded that this note was invalid and unenforceable, it declared the exception of prescription to be moot. Since we will affirm the trial court's order declaring the note invalid and unenforceable, we conclude that the trial court did not err in failing to address the exception of prescription in this regard. Douglas Hayward, Sr.'s 8th assignment of error is without merit.

Directors' Fees
In his first assignment of error, Douglas Hayward, Sr. contends that the trial court erred in decreeing that he was "not due any amounts for directors' fees." In this regard, the trial court found that, "[t]he history of the corporation is that only minimal directors' fees were paid and Douglas S. Hayward, Sr. is not due any amounts for directors' fees." The trial court was not manifestly erroneous in this finding.
Douglas Hayward, Sr. argues that directors' fees were approved by corporate resolution and that Germania intended to pay them. The resolution he cites, however, provides that, "it was agreed that when the Corporation was able to fulfill this obligation, we would be paid." There is no evidence in the record that Germania was ever in the position to fulfill the obligation, at least since the 1980s. Directors' fees were never awarded to any other director. While Germania may have intended to pay directors' fees when it was able, the record does not establish an obligation to pay them. Accordingly, we conclude the trial court was not manifestly erroneous in decreeing that Douglas Hayward, Sr. was "not due any amounts for directors' fees." His 1st assignment of error is without merit.

Attorney Fees
In his fourth assignment of error, Douglas Hayward, Sr. challenges the trial court's award of attorney fees,[8] asserting that the parties had no agreement,[9] that a class had not been certified such that attorney fees could be awarded under La. C.C.P. art. 595,[10] and that there had been no finding of bad faith such that attorney fees could be awarded pursuant to La. R.S. 12:172D and La. R.S. 12:103. La. R.S. 12:172D provides as follows:
Any corporation, or any officer or agent thereof, which or who shall in bad faith refuse to permit the exercise of inspection rights as defined in, and limited by, R.S. 12:103,[11] shall be liable to the shareholder or shareholders seeking to exercise such rights to the extent of the costs and expenses of any proceeding necessary to enforce such inspection rights, and for any other damages actually sustained by such shareholder or shareholders. (Emphasis added.)
We pretermit an analysis of whether Douglas Hayward, Sr. acted in bad faith because the above language does not specifically allow an award of attorney fees. Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract. Smith v. Albrecht, 06-2072, p. 5 (La.App. 1 Cir. 6/8/07), 965 So.2d 879, 882. Further, La. R.S. 12:172D is a penal statute that must be strictly construed. Directional Wireline Services, Inc. v. Tillett, 552 So.2d 1201, 1210 (La.App. 1 Cir. 1989). Since La. R.S. 12:172D does not specifically provide for an award of attorney fees, such fees are not awardable under this statute.
We are aware of opinions from this circuit that in dicta suggest attorney fees are awardable under La. R.S. 12:172D. See Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart, 97-2870, pp. 5-6 (La.App. 1 Cir. 12/28/98), 723 So.2d 1113, 1116 and Directional Wireline Services, 552 So.2d at 1210. The issue of attorney fees under La. R.S. 12:172D, however, was not specifically addressed in these cases. And for the above reasons, we decline to follow their dicta.
We are also aware that the Third Circuit and Fourth Circuit have ruled to the contrary. In Naquin v. Air Engineered Systems & Services, Inc., 463 So.2d 992 (La.App. 3rd Cir. 1985), the Third Circuit reasoned the statutory rights afforded under La. R.S. 12:172D would be meaningless if attorney fees were not recoverable, as follows:
[I]f this statute is interpreted so as to preclude awarding attorney's fees as a penalty, it would render the statutory rights meaningless as often the most expensive cost, expense and damage to a shareholder for bringing a mandamus action to force a corporation to allow inspection of its records are the attorney's fees incurred by the shareholder in pursuing the action. If we were to hold that R.S. 12:172(D) only allowed as a penalty the imposition of court costs and expenses of the proceeding as damage actually sustained by the stockholder, the statute would lose its effectiveness as a deterrence to the bad faith denial of shareholder inspection rights to corporate records.
Naquin, 463 So.2d at 996. The Fourth Circuit allowed an award of attorney fees, without explanation, as a statutory penalty against a defendant who in bad faith refused to allow a shareholder to inspect the corporate records in Lanaux v. Ace Production, Inc., 396 So.2d 461, 463 (La.App. 4 Cir. 1981).
Even so, we decline to follow these cases in their disposition of attorney fee awards under La. R.S. 12:172D. The legislature, and not this court, should amend the statute to include attorney fees if it deems such action appropriate. The statute's award of "costs and expenses" is not meaningless without the inclusion of attorney fees. To follow these cases would contravene the well-established principles of law that attorney fees are not awardable unless specified by statute or contract and that penal statutes are to be strictly construed. See above.
Accordingly, we find merit in Douglas Hayward, Sr.'s 4th assignment of error. We will reverse the judgment insofar as it awards attorney fees in favor of Germania and against Douglas Hayward, Sr.

C.P.A. Fees
In his fifth assignment of error, Douglas Hayward, Sr. contends that the trial court erred in awarding a certified public accountant's entire fee when only part of his time was spent in preparation for, attendance at, and testifying at trial. He argues these expenses are the only ones for which he should be liable. We disagree.
As set forth above, La. R.S. 12.172D provides an award for "costs and expenses of any proceeding necessary to enforce such inspection rights, and for any other damages actually sustained by such shareholder or shareholders." Germania asserts that all the accountant's fees were incurred 1) in connection with the quo warranto/mandamus action in which Germania enforced its rights to inspect the corporate books and 2) at the court's direction. These assertions are supported by the record. Accordingly, the trial court did not err in imposing the C.P.A.'s fees as taxable costs pursuant to La. R.S. 12:172D. Douglas Hayward, Sr.'s 5th assignment of error lacks merit.

DECREE
Accordingly, we reverse in part and amend the original trial court judgment and the judgment on new trial as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the judgments signed June 15, 2006 and July 19, 2006 are vacated only to the extent that they impose interest "from the date of judicial demand in the Derivative Action # 75,455 namely June 18, 2003" and are reversed to the extent that they award attorney fees in favor of plaintiff Germania Plantation, Inc. and against defendant Douglas S. Hayward, Sr.;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is rendered herein in favor of plaintiff Germania Plantation, Inc. and against defendant Douglas S. Hayward, Sr., in the amount of ONE HUNDRED NINETY THOUSAND, THREE HUNDRED TEN DOLLARS and FORTY NINE CENTS ($190,310.49), together with interest thereon at the legal rate from July 1, 2005, and all costs of these proceedings in the amount of $30,531.53.
In all other respects, the judgments of the trial court are affirmed. We assess costs of this appeal to Douglas S. Hayward, Sr.
REVERSED IN PART; VACATED IN PART; AMENDED; AFFIRMED AS AMENDED
NOTES
[1] This action is a consolidated suit in which William Hayward, III, sued Douglas S. Hayward, Sr., anil in which William Hayward, III, Mathew B. Hayward, William Hayvvaixl, IV. Christine Rodriguez. Paula Rodriguez. George Rodriguez, Travis Rodriguez and Chrissic Rodriguez sued Douglas S. Hayward, Sr., the shareholders of Germania Plantation, Inc. and Germania Plantation, Inc. The judgment's decrees address Douglas S. Hayward, Sr. and Germania Plantation, Inc. only, pursuant to the derivative action. See La. C.C.P. arts. 611 and following. Therefore, we refer to the parties raising claims against Douglas Hayward. Sr. as Germania.
[2] Louisiana Code of Civil Procedure art. 3901 defines a quo warranto action as follows: "Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.'"
[3] In their brief to this court, Germania also raised the prescription issue concerning Douglas Hayward, Sr.'s $245.890.68 note.
[4] Our remand order was issued on March 18, 2008. We ordered the trial court to conduct a full evidentiary hearing and to issue a ruling by April 25, 2008. Germania's request for declaratory judgment, etc., was filed on April 4, 2008. These were served on Douglas Hayward. Sr. by deposit in the U.S. mail, The hearings were held on April 15 and 22, 2008. Germania also Hied an exception of prescript ion on April 7, 2008, which was not served.
[5] The trial court considered prescription pursuant to La. C.C. art. 3494, which provides a prescriptive period of three years on an "action on money lent." The ten-year prescription provided by La. C.C. art. 3499 for personal actions may also apply. "An action by a shareholder against a corporate official for breach of a fiduciary duty is a personal action prescribed by ten years from the acts complained of." Levy v. Billeaud. 443 So.2d 539. 545 (La. 1983). In either case, prescription was interrupted.
[6] The original judgment on appeal decreed only that the note and any interest claimed on it were "disallowed."
[7] Consideration is defined in La. R.S, 10:3-303(b) as applied to negotiable instruments.
[8] Douglas Hayward, Sr. does not challenge the amount of attorney fees imposed, buy he does challenge their imposition.
[9] The stipulated judgment rendered on June 6, 2005 contained the following decree:

IT IS FURTHER ORDERED. ADJUDGED AND DECREED that each party shall submit So this Honorable Court an itemization of their respective attorney's fees, expert fees, costs and expenses at the Court's approval for use towards the allocation of responsibility among the aforementioned parties to this proceeding.
Nothing in this language implies an agreement to pay attorney fees, despite the trial court's conclusion to the contrary.
[10] This article addresses payment of expenses, including attorney fees, resulting from a class action. This litigation was never certified as a class action.
[11] This statute generally governs corporate records and the right, of shareholders to inspect them.