| KITTY DUNN, ET AL. | * | NO. 2024-CA-0513 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| REGIONAL TRANSIT | * | |
| AUTHORITY, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-02843, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Karen K. Herman)

BELSOME, C.J., DISSENTS AND ASSIGNS REASONS

Roy A. Raspanti
ATTORNEY AT LAW
110 Veterans Memorial Boulevard, Suite 360
Metairie, LA 70005-4930

     COUNSEL FOR PLAINTIFFS/APPELLANTS

Kriste Talton Utley
BOYKIN & UTLEY

400 Poydras Street, Suite 1540
New Orleans, LA 70130

N. Sundiata Haley
HALEY LAW FIRM, LLC
650 Poydras Street, Suite 2015
New Orleans, LA 70130

COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED**
**March 11, 2025**

This is a suit for wrongful failure to pay retirement-welfare benefits.

Plaintiffs are 183 former employees of New Orleans Public Service Incorporated ("NOPSI") and retirees of Transit Management of Southeast Louisiana ("TMSEL"). Defendants are TMSEL and the Regional Transit Authority ("RTA") (collectively "Employer").[1]

This is the second appeal in this matter. In the first appeal, this Court affirmed the trial court's judgment dismissing as prescribed the claims of 180 of the 183 Plaintiffs. *Dunn v. Reg'l Transit Auth.*, 22-0506 (La. App. 4 Cir. 7/20/23),

---

[1] RTA is the sponsor of the employees' retirement-welfare benefits plan.

382 So.3d 879 ("*Dunn One*"), *writ not considered*, 23-01234 (La. 11/21/23), 373 So.3d 446, *reconsideration not considered*, 23-01234 (La. 2/14/24), 379 So.3d 29. The remaining three Plaintiffs—Doris Lloyd ("Ms. Lloyd"), Wardell Williams ("Mr. Williams"), and Allen Santee ("Mr. Santee") (collectively "Three Employees")—are the appellants in this second appeal.

Following this Court's decision in *Dunn One*, Employer filed another prescription exception seeking dismissal of Three Employees' claims. From the trial court's April 9, 2024 judgment granting Employer's exception, Three Employees appeal. For the reasons that follow, we affirm.

***Factual and Procedural Background***

The underlying factual and procedural background of this case is set forth in *Dunn One*. Simply stated, the relevant background is as follows.

Before 1983, NOPSI controlled and managed the New Orleans public transit system. In June 1983, RTA acquired ownership from NOPSI; and TMSEL became the transit system's operator. As a result, Plaintiffs—former NOPSI employees— became TMSEL employees. Following Hurricane Katrina, TMSEL notified its retirees by letter, dated March 6, 2006, that they would be required to pay a portion

of their insurance premiums going forward (the "Katrina Letter"). In early 2012, further increases in medical insurance premiums charged to TMSEL's retirees were implemented.

On March 15, 2019, Plaintiffs filed this suit asserting that Employer had denied enibenefits owed to them under their retirement welfare-benefits plan. Employer responded by filing a peremptory exception of prescription. Thereafter, Plaintiffs filed a trio of amending petitions. In response, Employer filed a second prescription exception, repeating its prior prescription arguments and addressing why Plaintiffs' newly filed amending petitions did not cure Plaintiffs' prescribed claims.

In November 2021, Employer's first two prescription exceptions were argued before the trial court, with neither side introducing any evidence. The trial court sustained Employer's prescription exceptions and dismissed all 183 Plaintiffs' claims. In its February 14, 2022 Reasons for Judgment ("February 2022 Reasons"), the trial court concluded that the three-year prescriptive period, codified in La. C.C. art. 3494, applied and that prescription began to run from either the date of direct notification of benefit reduction—the date of the Katrina

Letter, March 6, 2006—or the date of retirement when Plaintiffs began actually receiving the reduced benefits from TMSEL.

On Plaintiffs' first appeal, this court, in *Dunn One*, affirmed the trial court's judgment as to all but Three Employees' claims. Addressing Three Employees' claims, this Court in *Dunn One* observed:

> Again, the trial court correctly held that the prescriptive period applicable to Plaintiffs' claims was three years [under La. C.C. art. 3494[2]]. Likewise, the trial court's conclusion that prescription commenced to run either from March 6, 2006 [the date of the Katrina Letter] or the date of each Plaintiff's retirement was correct. Per the allegations contained in the Plaintiffs' Second and Third Supplemental and Amending Petitions, Plaintiff [Ms.] Lloyd retired on August 1, 2018, Plaintiff [Mr.] Santee retired on January 1, 2019, and Plaintiff [Mr.] Williams retired on May 1, 2016. The original Petition was filed on March 15, 2019. Accordingly, on the face of the pleadings, the claims of [Three Employees] are not prescribed. Therefore, the judgment is reversed as to these individuals.

*Dunn One*, 22-0506, p. 14, 382 So.3d at 888-89.

Thereafter, Employer filed a third prescription exception (the "Exception"), seeking dismissal of Three Employees' claims. Employer supported the Exception with evidence. At the hearing, Employer introduced the affidavit of Mark Major—

---

[2] Louisiana Civil Code Article 3494 provides that "[a]n action for the recovery of compensation for services rendered, including payment of salaries [and] wages" is "subject to a liberative prescription of three years."

RTA's present Deputy Chief Executive Officer and TMSEL's former General Manager. Employer also introduced the attachments to Mr. Major's affidavit—each of Three Employees' member information printout retained by TMSEL's Retirement Income Plan Administrator. Based on each member's information printout, Mr. Major attested that Three Employees' actual retirement dates from the transit system were as follows: Ms. Lloyd—August 1, 2008; Mr. Williams—May 1, 2015; and Mr. Santee—August 1, 2015. Thus, contrary to the allegations of Plaintiffs' petitions, Three Employees all retired before March 15, 2016—more than three years before this suit was filed.

In opposing the Exception, Three Employees failed to introduce any evidence to controvert Employer's evidence that their actual retirement dates pre-dated March 15, 2016. Instead, Three Employees advanced legal arguments aimed at overruling this Court's ruling in *Dunn One*. The trial court sustained Employer's Exception. This appeal followed.

***Standard of Review***

The standard of review applicable here is two-fold. First, insofar as this appeal involves a prescription exception of on which evidence was introduced, a manifest error standard applies. *See Barkerding v. Whittaker*, 18-0415, pp. 13-14 (La. App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180 (citations omitted) (observing that "[w]hen prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review") (internal quotations and citations omitted).

Second, insofar as this appeal involves the legal question of the application of the law of the case and res judicata doctrines, a *de novo* standard applies. *See Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983) (observing that "[t]he preclusive effect of the law of the case and res judicata doctrines presents a pure legal question"). Legal questions are reviewed under a *de novo* standard. *See Bd. of Supervisors of Louisiana State Univ. v. 2226 Canal St., L.L.C.*, 18-0254, p. 3 (La. App. 4 Cir. 12/19/18), 262 So.3d 909, 913.

*Assignment of Errors*

On appeal, Three Employees assign two errors:

- According to the Honorable Fourth Circuit Court of Appeal [in *Dunn One*,] defendants' Third Peremptory Exception of Prescription is res judicata and the claims of [Three Employees] are not prescribed. Notwithstanding that fact, the Trial Court GRANTED defendants' Third Peremptory Exception of Prescription.

- The Honorable Fourth Circuit Court of Appeal should reconsider its own ruling in [*Dunn One*] because it involves palpable error and, if the law of the case were applied, manifest injustice would occur.

Employer counters that Three Employees are arguing both for and against the binding effect of this Court's ruling in *Dunn One*. We divide our analysis into three parts: (i) res judicata; (ii) law of the case—palpable-error exception; and (iii) application of *Dunn One* legal holding here.

*Res Judiciata*

Three Employees contend this Court's holding in *Dunn One* that their claims are not prescribed is res judicata and precludes reconsidering the prescription exception. Three Employees' reliance on res judicata as precluding Employer's re-urged prescription exception is misplaced for three reasons.

7

First, by statute, res judicata prevents re-litigation of issues in "a subsequent action." La. R.S. 13:4231(2). "At its core, res judicata envisions a second suit." *Quality Env'l Processes, Inc. v. IP Petroleum Co.*, 16-230, p. 10 (La. App. 1 Cir. 4/12/17), 219 So.3d 349, 365. Res judicata does not prohibit a party in the same suit from re-urging an exception. *Landry v. Blaise, Inc.*, 02-0822, p. 3 (La. App. 4 Cir. 10/23/02), 829 So.2d 661, 664.

Second, the overruling of a peremptory exception[3] is an interlocutory judgment to which "La. R.S. 13:4231 [the res judicata statute] simply does not apply." *Bellard v. Biddle*, 02-241, p. 5 (La. App. 3 Cir. 12/30/02), 834 So.2d 1238, 1242; *see also Marsh Eng'g, Inc. v. Parker*, 96-1434 (La. 9/27/96), 680 So.2d 637, 638 (Lemmon, J., concurring, observing that that an appellate decision denying an exception of prescription "has no res judicata effect in this court on the issue of prescription").

Third, law of the case—not res judicata—is the proper preclusion doctrine that describes the relationship between prior judgments by both trial and appellate

---

[3] Exceptions of peremption, prescription, and no cause of action are peremptory exceptions. La. C.C.P. art. 927.

courts rendered within the same case. *Quality Env't Processes,* 16-0230, p. 10, 219

So.3d at 366.[4] Law of the case "applies to the appellate court's revisit, on a

subsequent appeal, of an issue that the court decided in an earlier appeal or after a

grant of supervisory writs." Frank L. Maraist, 1A LA. CIV. L. TREATISE, *Civ.*

*Proc.—Special Proceed.* § 4.7 (2022 Update). Stated otherwise, law of the case

refers to "the rule that an appellate court will ordinarily not reconsider its own

rulings of law on a subsequent appeal in the same case." *Bank One, Nat. Ass'n v.*

---

[4] Law of the case and res judicata are similar, yet distinct preclusion doctrines. Indeed, "[l]aw of the case has been aptly characterized as "'a kind of intra-action res judicata'" *People v. Evans*, 94 N.Y.2d 499, 502, 727 N.E.2d 1232, 1235 (2000). The relationship between the doctrines has been described as follows:

- While the law of the case doctrine bars reconsideration of issues in the same case, res judicata bars the relitigation of the same issues between the same parties in a second, subsequent case;

- For res judicata to apply, there must have been a "valid and final judgment" that ended the litigation; and

- The purpose of res judicata is similar to law of the case in that it promotes judicial efficiency; more specifically, it protects a party from having to defend multiple lawsuits. Res judicata, though, [unlike law of the case,] is not discretionary or created by jurisprudence; rather, it is statutory law.

Erica P. Sensenbrenner, Comment, *A Proposal to Codify Louisiana's Law of the Case Doctrine*, 64 LOY. L. REV. 215, 222-23 (2018) (reformatted and internal citations and footnotes omitted).

*Velten*, 04-2001, pp. 5-6 (La. App. 4 Cir. 8/17/05), 917 So. 2d 454, 458 (internal

quotations and citations omitted).[5] But, law of the case is a jurisprudential doctrine

that is not woodenly applied; indeed, the jurisprudence has recognized multiple

exceptions to its application.[6] One of those exceptions is that it does not preclude

---

[5] The Supreme Court has noted that "[u]nlike the more precise requirements of res judicata, law of the case is an amorphous concept." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). It is "a policy derived from common law jurisdictions, not a mandate." *State v. Louisiana Land & Expl. Co.*, 20-00685, p. 10 (La. 6/30/21), 347 So.3d 684, 691, *aff'd on reh'g*, 20-00685 (La. 6/1/22), 339 So.3d 1163. Nonetheless, law of the case has "significant value within legal jurisprudence, both in common law and civil law jurisdictions." *Id.*

[6] The multiple exceptions to law of the case doctrine the jurisprudence has recognized are as follows:

- The doctrine has not been applied "in cases of palpable former error or so mechanically as to accomplish manifest injustice." *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81, 83 (La. 1973). But, the palpable-error exception is inapposite when "there is merely doubt as to the correctness of the former ruling." *Id.*;

- The doctrine has not been applied "to supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions," *Bank One, Nat. Ass'n*, 04-2001, pp. 6-7, 917 So.2d at 459 (internal citations and quotations omitted);

- The doctrine has not been applied "when the underlying, operative facts upon which the court's prior decision was based have changed." *Holmes v. City of New Orleans*, 24-0269 (La. App. 4 Cir. 9/26/24), ___ So.3d ___, 2024 WL 4297478; and

- The doctrine has not been applied "against those who were not parties to the litigation at the time the prior decision was rendered." *Marsh Eng'g Inc. v. Parker*, 04-0509, p. 8 (La. App. 3 Cir. 9/29/04), 883 So.2d 1119, 1124 (citation omitted). *Holmes, supra*.

parties from exercising their procedural right to re-urge an overruled peremptory exception. A peremptory exception may be urged at any time. La. C.C.P. art. 928. *See Landry*, *supra*; *Babineaux v. Pernie-Bailey Drilling Co.*, 262 So.2d 328, 332-33 (La. 1972) ("law of the case" doctrine is a "discretionary guide" and "cannot supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions"); *Bank One, Nat. Ass'n*, 04-2001, pp. 6-7, 917 So.2d at 459. Indeed, "[Louisiana] law clearly contemplates the right of a party to re-urge a peremptory exception where new evidence[,] argument[, or both] is presented for the trial court's consideration." *Med. Rev. Panel Proc. v. Ochsner Clinic Found.*, 17-488, p. 3 (La. App. 5 Cir. 3/14/18), 241 So.3d 1226, 1229 (citing *Lomont v. Myer-Bennett*, 16-436 (La. App. 5 Cir. 12/14/16), 210 So. 3d 435, 444).[7]

---

[7] *See also Emery v. Ben*, 24-0018, p. 5, n.4 (La. App. 4 Cir. 5/13/24), 390 So. 3d 952, 958 (observing that res judicata "does not prohibit 'a party in the same action from re-urging an exception'"); *Loughlin v. United Servs. Auto. Ass'n*, 17-0109, p. 15 (La. App. 4 Cir. 12/20/17), 233 So. 3d 132, 142 (observing that "the Loughlins erroneously suggest that review of the exception of prescription is precluded because this Court denied the exception in *Loughlin*").

Applying these principles to the instant matter, we first note that here there is no second case, only prior rulings in the same case. Second, this Court's ruling in *Dunn One* overruling the granting of the exception as to Three Employees is not a final judgment and, thus, is not res judicata. Finally, the governing doctrine here is law of the case, not res judicata. The exception to the law of the case doctrine for re-urging a peremptory exception applies here. Indeed, this is a case in which new evidence was presented on the re-urged prescription exception; no evidence was introduced in connection with the prior prescription exceptions.

In sum, neither res judicata nor law of the case preclude either the trial court or this Court from considering Employer's re-urged exception and the new evidence submitted in support of it. Three Employees' res judicata argument is unpersuasive.

*Law of the Case—Palpable-Error Exception*

Three Employees next contend that the palpable-error exception to the law of the case doctrine applies. Three Employees' argument focuses on the Louisiana Supreme Court's decision in *Born v. City of Slidell*, 15-0136 (La. 10/14/15), 180

12

So.3d 1227. They contend that this Court, in *Dunn One*, misconstrued *Born* and request that this Court reverse its prior ruling as palpably erroneous. Employer counters that Three Employees are repeating the same arguments that this Court rejected in *Dunn One* and that the palpable-error exception is inapposite.

In addressing this argument, we first attempt to define the term "palpable error" as used in this context. This Court has observed that palpable error is "one that is 'easily perceptible, plain, obvious and readily noticeable.'" *Fed. Work Ready, Inc. v. Wright*, 19-0752, p. 18 (La. App. 4 Cir. 4/22/20), 299 So.3d 140, 151 (quoting BLACK'S LAW DICTIONARY (6th ed. 1995)). Another legal dictionary defines the term as "[p]lain, clear, easily seen, or notorious. (The word usually refers to an *error*, or *abuse* of authority, or something else wrong.)" Daniel Oran, ORAN'S DICTIONARY OF THE LAW 303 (1983) (emphasis in original). Likewise, a commentator has observed that other courts have similarly defined that term in this context:

> One court defined this sort of error by reference to the dictionary definition of "palpable." Accordingly, the law-of-the-case doctrine will bend for legal errors, but only those that are palpably so, or as the dictionary puts it, for errors that are "easily perceptible, plain, obvious,

13

readily visible, noticeable, patent, distinct, manifest." This also means the doctrine will not bend for less-obvious legal errors.

Anthony J. Longo & John M. Fitzgerald, *A Palpable Conflict*, 108 ILL. B.J. 26, 28 (2020) (internal footnotes and citations omitted).

Consistent with the dictionary definition of the term palpable, the jurisprudence has narrowly construed the palpable-error exception as applicable only to obvious legal errors. As former Justice (then Judge) Tate put it: "[a]though the power exists to reopen points of law previously decided, sound practice dictates that the power be exercised sparingly and, in the main, only in clear instance of previous error to prevent a miscarriage of justice." *Keller v. Thompson*, 134 So.2d 395, 398 (La. App. 3d Cir. 1961) (internal quotations and citations omitted).[8]

Unsurprisingly, "the jurisprudence reveals scant instances of palpable error."

---

[8] *See Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 817, 108 S. Ct. 2166, 2178, 100 L. Ed. 2d 811 (1988)(internal citations and quotations omitted) (observing that "as a rule courts should be loathe [to revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice"); *see also All. for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661, 668 (5th Cir. 2021) (observing that "[m]ere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice for this exception. To be 'clearly erroneous,' a decision must strike us as more than just maybe or probably wrong; it must be dead wrong"); *see also State v. Magee*, 23-0350, p. 5 (La. App. 4 Cir. 11/3/23), 377 So.3d 338, 342, *writ denied*, 23-01583 (La. 5/29/24), 385 So.3d 701 (internal quotations and citations omitted) (observing that "[r]econsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the ruling was patently erroneous and produced unjust results").

*Duncan v. Bartholomew*, 11-0855, p. 18, n.4 (La. App. 4 Cir. 3/14/12), 88 So. 3d 698, 712 (collecting cases).

Illustrative of the type of obvious error that has been found sufficient to invoke the exception is *State v. Louisiana Land & Expl. Co*., 20-00685 (La. 6/30/21), 347 So.3d 684 ("*LLE Case*"), *aff'd on reh'g*, 20-00685 (La. 6/1/22), 339 So.3d 1163.[9] In the *LLE Case*, the Louisiana Supreme Court held that its prior 2013 decision interpreting Act 312 (La. R.S. 30:29), entitled "Remediation of Oilfield Sites and Exploration and Production," was palpably erroneous. The Court observed that subsequent legislation established its earlier statutory interpretation was incorrect, warranting invoking the exception; it observed:

---

[9] In *Hero Lands Co., L.L.C. v. Chevron U.S.A. Inc*., 22-0224, p. 18 (La. App. 4 Cir. 3/7/23), 359 So.3d 130, 142–43, writ denied, 2023-00500 (La. 10/10/23), 371 So. 3d 461, this Court outlined the trilogy of cases involved in the *LLE Case* as follows:

> In the first decision ("*LL&E I*",[the "2013 Decision"]), the Louisiana Supreme Court held that Act 312 "d[id] not prohibit the award of remediation damages for more than the amount necessary to fund the statutorily mandated feasible plan." *State v. La. Land & Expl. Co*., 12-0884, p. 16 (La. 1/30/13), 110 So.3d 1038, 1049. In the second decision ("*LL &E II*"), the Louisiana Supreme Court held that the prior decision contained "findings" that "were palpable error" and that "outside of an express contractual provision, Act 312 d[id] not allow for remediation damages in excess of those required to fund the court adopted remediation plan." *State v. La. Land & Expl. Co*., 20-00685, pp. 10-12 (La. 6/30/21), 347 So.3d 684, 691-93. In the third decision ("LL&E III"), the Louisiana Supreme Court affirmed *LL&E II* on rehearing to hold that "the plain language of Act 312 only allows recovery of excess remediation damages when expressly provided by contract." *State v. La. Land & Expl. Co*., 20-00685, p. 3 (La. 6/1/22), 339 So.3d 1163, 1166 (*per curiam*).

- "We need look no further than the plain language of Act 312 itself to recognize this Court's prior error." *LLE Case*, 20-00685, p. 9, 347 So.3d at 691;

- "For us to so blindly adhere to this Court's previous, incorrect interpretation of the plain language and intent of Act 312, would certainly disregard our civil law tradition by elevating our own jurisprudence to equal footing with the laws enacted by our Legislature." *LLE Case*, 20-00685, p. 10, 347 So.3d at 691; and

- "In review of the decision pronounced in *La. Land & Expl. I* [the 2013 decision], and in looking to the plain, unambiguous language of Act 312, it is clear the 2013 decision meets the exception of palpable error." *LLE Case*, 20-00685, p. 12, 347 So.3d at 691.[10]

Here, we have neither been directed to, nor found any obvious error in our prior ruling in *Dunn One* warranting invoking the palpable-error exception. Rather, the record reflects, as Employer contends, Three Employees are repurposing the same arguments they made in their prior appeal in *Dunn One* regarding the proper construction of the *Born* case. Indeed, Three Employees, in their appellant brief,

---

[10] Dissenting, Chief Justice Weimer observed that "[i]nstitutionally, there is much to be said for finality and resolution of a dispute." *LLE Case*, 20-00685, p. 3, 347 So.3d at 695.Justice Weimer further opined that, given the circumstance, it could not be said that the 2013 decision created "a grave injustice" warranting application of a "palpable error exception" to the law of the case doctrine." *LLE Case*, 20-00685, p. 2, 347 So.3d at 695.

16

repeat verbatim the arguments they made in their rehearing application to this Court in *Dunn One*, which was denied.[11]

The gist of Three Employees's argument is, contrary to this Court's ruling in *Dunn One*, the Louisiana Supreme Court in *Born* did not determine that retirement-welfare benefits are a form of deferred compensation. According to Three Employees, what the Supreme Court determined in *Born* was that retirement and pension benefits are a form of deferred compensation. As a result, Three Employees contend that La. C.C. Art. 3494's three-year prescriptive period does not apply here to their claims involving retirement-welfare benefits.

---

[11] Three Employees argued in both their rehearing application as Plaintiffs in *Dunn One* and their appellant brief in this appeal the following:

> [A]ccording to the Louisiana Supreme Court case law, retirement and pension benefits are a form of deferred compensation. BUT retiree WELFARE BENEFITS are not a form of deferred compensation, insurance is not a form of deferred compensation, Medicare premiums and deductibles are not a form of deferred compensation, and medical insurance premiums are not a form of deferred compensation. Generally speaking, welfare benefits and employee benefits are not a form of deferred compensation, premium-free medical insurance is not a form of deferred compensation, life insurance is not a form of deferred compensation, benefits are not a form of deferred compensation and nor are quarterly supplemental Medicare payments.

17

Although we find Three Employees' argument barred by law of the case, we briefly address their argument. This Court in *Dunn One* affirmed the trial court's decision on this issue; we observed:

> We agree with the trial court's application of *Born*,[12] both as to the three-year prescriptive period and the date Plaintiffs' claims became exigible. Both in their briefs and in oral argument, Plaintiffs have been unable to distinguish their cause of action from that asserted by the plaintiff in *Born*, or otherwise explain why this Court is not constrained by that holding.

### Plaintiffs' Alternative Theories of Recovery

> We likewise find no error in the trial court's conclusion that Plaintiffs' claims under alternate theories of recovery have prescribed. . . . No matter what label Plaintiffs' apply, their claims are for breach of the type of agreement governed by La. C.C. art. 3494 and therefore prescribed.

*Dunn One*, 22-0506, p. 12, 382 So. 3d at 887-88.

Contrary to Three Employees' contention, this Court in *Dunn One* did not misconstrue *Born*. The plaintiff in *Born* was litigating his rights as a City retiree to retirement-welfare (health) benefits. The Supreme Court, in *Born*, held that contributions to retirement plans, including health benefits, are a form of deferred

_____

[12] The trial court, in its February 2022 Reasons, observed that "[t]he Louisiana Supreme Court determined in *Born v. City of Slidell*, that retiree welfare benefits are a form of deferred compensation, and concluded that the Plaintiff's claim seeking retiree welfare benefits fits under the 3-year period provided by C.C. Art. 3494."

18

compensation; and such contributions are subject to La. C.C. art. 3494's three-year prescriptive period.

Likewise, Plaintiffs in this case are litigating their rights as transit system retirees to retirement-welfare (health) benefits. The retirement benefits at issue were an element of Plaintiffs' compensation as transit system employees. Their retirement-welfare benefits, as we held in *Dunn One*, are deferred compensation subject to La. C.C. art. 3494's three-year prescriptive period. Our holding in *Dunn One* not only correctly construes *Born*, but also is law of the case. Three Employees' law of the case argument is unpersuasive.

### Application of *Dunn One* Legal Holding Here

This Court in *Dunn One* reversed the trial court's judgment as to Three Employees solely based on Plaintiffs' incorrect averment in their petitions that these three individuals retired on dates after March 15, 2016.[13] In support of the re-urged Exception, Employer introduced evidence that these three individuals all retired on dates before March 15, 2016. Three Employees failed to controvert Employer's evidence. Hence, the record on appeal reflects that these three

---

[13] In *Dunn One*, we noted that Employer conceded in its appellee brief that "[Three Employees] are the only appellants alleged to have retired after March 15, 2016." *Dunn One*, 22-0506, p. 14, n.2, 382 So.3d at 889.

19

individuals all retired before March 15, 2016, just like the former 180 co-plaintiffs whose claims have been dismissed in a judgment that is now final.

As discussed elsewhere in this opinion, this Court's ruling in *Dunn One* is law of the case on the legal principles applicable here, which are two-fold: (i) the prescriptive period applicable to Three Employees' claims is La. C.C. art. 3494's three-year period; and (ii) the prescriptive period commenced to run either from March 6, 2006 (the *Katrina* Letter date) or the date of each plaintiff's retirement. *Dunn One*, 22-0506, p. 14, 382 So.3d at 888-89. Applying the *Dunn One* legal principles to the undisputed facts here, we find no error in the trial court's judgment sustaining Employer's Exception and dismissing Three Employees' claims as prescribed.

## DECREE

For the foregoing reasons, the trial court's April 9, 2024 judgment is affirmed.

**AFFIRMED**

20